PEOPLE v. DE CAIR

1. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE—ELEMENTS OF CRIME.

    The crime of unlawfully driving away a motor vehicle consists of wilfully taking possession of a vehicle belonging to another, without authority to do so, followed by the asportation of the vehicle (MCLA § 750.413).

2. CRIMINAL LAW—VENUE—JURISDICTION—MULTIPLE-ELEMENT FELONIES—STATUTE.

    The legislature has provided that, wherever a felony consists of two or more acts done in the perpetration thereof, the people may prosecute in any county in which any one of such acts was committed (MCLA § 762.8).

3. CRIMINAL LAW — VENUE — JURISDICTION — UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE.

    Wayne County Circuit Court was a proper court for the prosecution of a defendant charged with unlawfully driving away a motor vehicle where the actual taking possession of the vehicle

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 303 et seq. Automobiles: Elements of offense defined in "joyriding" statutes, 9 ALR3d 633.

[2–4] 21 Am Jur 2d, Criminal Law § 376 et seq.

occurred in Detroit, but one of the acts constituting an element of the felony, the driving of the vehicle, was continued beyond city limits in Wayne County (MCLA § 750.413).

4. CRIMINAL LAW—RECORDER'S COURT—JURISDICTION—EXCLUSIVITY. The exclusive jurisdiction of prosecutions for crimes committed in the city of Detroit conferred on Recorder's Court of Detroit by statute does not apply to a felony one element of which is committed outside the corporate limits (MCLA § 726.11).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 7,383.) Decided April 28, 1970.

Lee Richard De Cair, also know as Lee Richard Malkowski, was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick Carnovale,* Chief, Appellate Division, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Frank B. Vecchia,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and W. J. WEIPERT,* JJ.

J. H. GILLIS, P. J. The defendant, Lee Richard De Cair, was charged with having committed the crime of unlawfully driving away a motor vehicle under MCLA § 750.413 (Stat Ann 1954 Rev § 28.645). He was tried in the Wayne County Circuit Court and convicted as charged. On appeal, the sole issue pre-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

sented is whether the circuit court had jurisdiction to try the action. It is defendant's contention that he could only be tried in the Recorder's Court for the city of Detroit.

To constitute the offense, possession must be taken, wilfully and without authority, followed by a driving or taking away of the vehicle in question. *People* v. *Smith* (1921), 213 Mich 351; *People* v. *Limon* (1966), 4 Mich App 440. In the present case, the evidence tended to show that defendant took possession of the car without authority while it was parked in front of a residence located on Fenmore Street in the city of Detroit. The testimony of two State Police officers established the remaining element of the crime charged: namely, that defendant drove or took away the car in question. These officers testified that on October 27, 1968, the date of the alleged offense, they observed the car being driven by defendant on Telegraph Road in Redford Township.

The officers' testimony, if believed, established that one of the essential elements of the crime, a driving or taking away of the vehicle, occurred in Wayne County, since Redford Township is in that county. Moreover, the act of driving the car away after taking possession, although initiated in Detroit, was continuous in nature and extended beyond the corporate limits of the city of Detroit.

Under the circumstances, we hold that defendant was lawfully tried in the Wayne County Circuit Court. By statute, the legislature has provided that whenever a felony consists of two or more acts done in the perpetration thereof, the people may prosecute in any county in which any one of which such acts were committed. MCLA § 762.8 (Stat Ann 1954 Rev § 28.851). This statute applies here. The offense is a multiple-element offense; it consists of "more than

one act, each of which acts, or the effect of such acts, * * * constitute[s] an unlawful element of the offense, without the presence of which the offense could not be consummated." Annotation, 30 ALR2d 1265, 1269. See also, 4 Wharton's Criminal Law & Procedure, § 1510, p 98. Since one of the acts making up the felony occurred in Wayne County and continued beyond the corporate limits of the city of Detroit, defendant could be prosecuted in the circuit court. *Cf. People* v. *Doe, alias Meyer* (1933), 264 Mich 475; *People* v. *Pettijohn* (1938), 283 Mich 108.

Nor are we persuaded that MCLA § 726.11 (Stat Ann 1962 Rev § 27.3561), upon which defendant relies, precludes prosecution of the offense charged in the Wayne County Circuit Court. As we read the statute, the exclusivity provision is inapplicable here because an essential element of the crime continued beyond the corporate limits of Detroit. See *People* v. *Rosa* (1969), 382 Mich 163, 167, 168.

Defendant's conviction is affirmed.

All concurred.