PEOPLE v KIRBY

1. CRIMINAL LAW—JURISDICTION—CONTINUING OFFENSE.

The courts of Michigan have jurisdiction to punish a criminal defendant where one of the elements of the crime, while initiated in another state, was continuing in nature and extended beyond the borders of that state into Michigan.

2. CRIMINAL LAW—JURISDICTION—CONTINUOUS OFFENSE—DRIVING AWAY AUTOMOBILE.

Michigan courts have jurisdiction to punish the offense of wilfully and without authority taking possession of and driving away a motor vehicle where one element of the offense, the driving away, continued in Michigan, even though the original taking possession and driving away occurred in Indiana (MCLA 750.413).

3. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS.

The trial court record must show, on the taking of a plea of guilty, that the defendant was informed of each of the following rights that are waived on making such plea: (1) the right to trial by jury, (2) the right to confront one's accusers, and (3) the privilege against self-incrimination, and where defendant was not informed of his right to confront his accusers and the privilege against self-incrimination, the conviction must be vacated.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 5, 1972, at Grand Rapids. (Docket No. 11774.) Decided July 25, 1972.

Robert Ray Kirby was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 392.
[3] 21 Am Jur 2d, Criminal Law §§ 484 et seq.; 495.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof, 97 ALR2d 549.

guilty, of unlawfully driving away a motor vehicle. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE,\* JJ.

HOLBROOK, J. On March 15, 1971, defendant Robert Kirby was convicted on his plea of guilty of wilfully and without authority taking possession of and driving away a motor vehicle in violation of MCLA 750.413; MSA 28.645. He was sentenced to from 4 to 5 years in prison on April 5, 1971, with 190 days credit on his maximum sentence and 282 days credit on his minimum sentence. From his conviction and denial of his motion for new trial, defendant appeals.

## I.

Defendant contends that the courts of Michigan lack jurisdiction to try or convict him of unlawfully driving away an automobile where the elements of the offense were committed outside of the State of Michigan.

The people contend that the courts of Michigan have jurisdiction to try and convict the defendant of the charge involved because one of the elements of the offense was continuous in nature and took place in the State of Michigan.

---

\* Probate judge, sitting on the Court of Appeals by assignment.

It is a well-established rule that a sovereign state can exercise jurisdiction to punish a criminal offense only when the offense is committed in whole or in part in that sovereign state. *Hardy v Betz,* 105 NH 169; 195 A2d 582 (1963); *Pennsylvania v Nelson,* 377 Pa 58; 104 A2d 133 (1954), *aff'd* 350 US 497; 76 S Ct 477; 100 L Ed 640 (1956); *Bowen v Maryland,* 206 Md 368; 111 A2d 844 (1955); *People v Buffum,* 40 Cal 2d 709; 256 P2d 317 (1953); *Massachusetts v Lanoue,* 326 Mass 559; 95 NE2d 925 (1950). No matter how closely an act is connected with the state, if all the criminal elements are done entirely outside a state's boundaries, it cannot be punished by that state. *Green v State,* 232 Ind 596; 115 NE2d 211 (1953).

The elements of the offense here involved are: (1) Possession of the vehicle must be taken; (2) there must be a driving away; (3) done wilfully; (4) without authority. *People v De Cair,* 23 Mich App 438 (1970); *People v Limon,* 4 Mich App 440 (1966).

The facts of the case indicate that all of the elements of the offense were initiated in Hammond, Indiana. However, one of the elements, that of driving away, may be continuous in nature. *People v De Cair, supra.* The defendant admitted that he took the vehicle in Hammond, Indiana, filled it with gas and drove to his uncle's house, which is in Van Buren County, Michigan. Thus, the commission of the element of the offense of driving away was continuous in nature and extended beyond the borders of the sovereign State of Indiana into Van Buren County in the State of Michigan. We therefore hold that the courts of Michigan have jurisdiction to punish the defendant for committing the offense here involved as a part of that offense occurred within the State of Michigan. Furthermore, the circuit court for the

county of Van Buren was a proper place to prosecute the offense. MCLA 762.8; MSA 28.851.

## II.

Defendant contends that the trial court did not properly inform him of his constitutional rights when it accepted his plea of guilty.

When the defendant's plea of guilty was taken on March 15, 1971, *People v Jaworski,* 387 Mich 21 (1972), had not yet been decided. In that case, our Supreme Court held that *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), governed the taking of guilty pleas after the date of that decision. *Boykin* was decided on June 2, 1969. Therefore, the rules therein govern the taking of the plea of guilty in the instant case.

*Jaworski, supra,* held that *Boykin, supra,* required that the record of the plea taking must show that the defendant was informed of each and all of the following rights that are waived on pleading guilty: (1) the right to trial by jury; (2) the right to confront one's accusers; and (3) the privilege against self-incrimination. A review of the record in the instant case indicates that the trial court did follow an exemplary plea procedure which essentially reflected the requirements of GCR 1963, 785.3. However, defendant was not informed of his right to confront his accusers and the privilege against self-incrimination. We, therefore, must vacate the defendant's conviction and remand to the circuit court for further proceedings consonant with this opinion.

Reversed and remanded.

All concurred.