PEOPLE v JONES

PEOPLE v GREEN

Docket Nos. 91447, 92181. Submitted November 5, 1986, at Lansing. Decided March 25, 1987.

Robin Jones and Trinados Green met with an undercover police officer at a location in Oakland County and sold an automobile owned by Jones with the intent that the police officer would sell the vehicle out of state so that a fraudulent insurance claim could be made. The automobile was subsequently reported to be stolen to the Dearborn police in Wayne County. Jones reported that her automobile had been stolen to her insurer at an office of the insurer located in Wayne County. Jones and Green were charged and bound over to Oakland Circuit Court on a charge of obtaining money over $100 by false pretenses. Jones moved for a change of venue to Wayne County, arguing that the criminal acts occurred there. The Oakland Circuit Court, Fred M. Mester, J., granted the motion and dismissed the charge against Jones on the basis of improper venue. A similar order was thereafter entered with respect to Green. The people appeal on leave granted.

The Court of Appeals *held:*

By statute, where a felony consists or is the culmination of two or more acts done in preparation for the crime, the felony may be prosecuted in any county in which any one of said acts was committed. Since defendants' meeting and sale of the automobile in Oakland County was the first of the acts which culminated in the crime of false pretenses, venue was properly laid in Oakland County.

Reversed and remanded.

LARCENY — FALSE PRETENSES — VENUE.

A felony which is the culmination of two or more acts which are

REFERENCES

Am Jur 2d, Automobile Insurance § 148.

Am Jur 2d, Criminal Law §§ 361 *et seq.*

Comment Note—Necessity of proving venue or territorial jurisdiction of criminal offense beyond reasonable doubt. 67 ALR3d 988.

See also the annotations in the Index to Annotations under Automobile Insurance.

done in preparation of the felony may be prosecuted in any county in which any one of the acts is committed; accordingly, where an automobile is sold in Oakland County as part of a scheme to defraud the insurer of the automobile, the Oakland Circuit Court has venue to proceed with a criminal prosecution for obtaining money over $100 on false pretenses even though the automobile was fraudulently reported to be stolen in Wayne County and the claim for insurance proceeds was made in Wayne County (MCL 762.8; MSA 28.851).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Joel M. Dorf,* for Robin Jones.

Before: D. E. Holbrook, Jr., P.J., and Allen and P. J. Clulo,* JJ.

Per Curiam. On April 25, 1985, the defendants, Robin Jones and Trinados Green, were charged with attempting to obtain money over $100 by false pretenses, MCL 750.92; MSA 28.287; MCL 750.218; MSA 28.415. A preliminary examination was conducted for both defendants on May 13, 1985, in the Forty-Sixth District Court. The prosecutor moved to amend the complaint to charge a completed offense of obtaining money over $100 by false pretenses, MCL 750.218; MSA 28.415, and both defendants were bound over to the Oakland Circuit Court on the amended charge of obtaining money over $100 by false pretenses.

On September 15, 1985, defendant Jones filed a pretrial motion for change of venue to Wayne County, arguing that all the criminal acts occurred there. The trial judge granted defendant's motion and dismissed the charge on the basis of improper

---

* Circuit judge, sitting on the Court of Appeals by assignment.

venue. Thereafter, the prosecutor requested a ruling from the trial court regarding venue in the Trinados Green case. Again, the trial judge dismissed the charge on the basis of improper venue. The sole issue on appeal is whether the lower court erred in dismissing on the basis of improper venue. We reverse and remand for trial in Oakland Circuit Court.

Testimony at the preliminary examination revealed that an officer of the Michigan State Police Auto Theft Task Force, Trooper Gardner, had a telephone conversation with defendant Jones and set up a meeting in a McDonald's parking lot in the City of Southfield (Oakland County) for the purpose of purchasing a vehicle as a part of an insurance fraud scheme. At the time of the conversation, Gardner was in Livonia (Wayne County) and defendant Jones was in the City of Detroit (Wayne County). Gardner testified that he and other surveillance officers arrived at the agreed location and met with defendants Jones and Green. Gardner, representing himself as an individual who had trucks which could haul vehicles out of state, purchased defendant Jones' car for $216. Defendants Jones and Green then agreed to wait for two to three days before reporting the car stolen. Gardner testified that the car was subsequently reported stolen to the police in Dearborn (Wayne County). Another witness for the prosecution, a fraud investigator for the State Farm Insurance Company, testified that defendant Jones reported her car stolen to the insurance company's Livonia office on March 25, 1985. A check was subsequently issued to defendant Jones for $3,336, which she then endorsed and cashed.

MCL 762.8; MSA 28.851 provides:

Whenever a felony consists or is the culmination

> of 2 or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any 1 of said acts was committed.

Defendants' scheme to defraud the insurance company began in Oakland County where the car was sold to Gardner and ended in Wayne County where defendant Jones reported the car stolen to the police and the insurance company, which subsequently issued the check.

Defendants argue that the acts necessary to satisfy the elements of the crime of false pretenses all occurred in Wayne County making MCL 762.8; MSA 28.851 inapplicable. However, MCL 762.8; MSA 28.851 is concerned with the "acts" which culminate in a felony rather than the essential elements of the felony. Since the defendants' meeting and subsequent sale of the car in Oakland County was the beginning or first act which culminated in the crime of false pretenses over $100, MCL 762.8; MSA 28.851 applies and venue is proper in Oakland County. See *People v Lee,* 334 Mich 217, 226; 54 NW2d 305 (1952); *People v De Cair,* 23 Mich App 438; 178 NW2d 830 (1970); *People v Dansby,* 48 Mich App 185, 190; 210 NW2d 392 (1973).

Reversed and remanded.