PEOPLE v SLIFCO

Docket No. 93061. Submitted August 4, 1987, at Detroit. Decided September 9, 1987.

Michael D. Slifco was convicted of three counts of third-degree criminal sexual conduct and one count of unlawfully driving away an automobile following a bench trial in Detroit Recorder's Court, Samuel C. Gardner, J. Defendant was sentenced to concurrent prison terms of from seven to fifteen years for the criminal sexual conduct convictions and from two to five years for the UDAA conviction. Defendant appealed, arguing that the Detroit Recorder's Court lacked jurisdiction because the alleged offenses had all transpired outside the City of Detroit. Defendant also claimed that the trial court abused its discretion in exceeding the sentencing guidelines' recommended minimum sentence for third-degree criminal sexual conduct.

The Court of Appeals *held:*

1. The force or coercion applied by defendant which culminated in the sexual penetration of the victim at locations in Macomb County started in the City of Detroit where defendant entered the victim's automobile while it was stopped at a light. The Detroit Recorder's Court had jurisdiction to try defendant under MCL 762.8; MSA 28.851, which provides that whenever a felony consists or is the culmination of two or more acts done in the perpetration thereof, it may be prosecuted in any county in which any one of the acts was committed.

2. *The trial court indicated adequate reasons for its departure from the sentencing guidelines, and the sentences imposed were not shocking to the judicial conscience of the Court of Appeals.*

Affirmed.

CRIMINAL LAW — JURISDICTION.

A felony which consists of or is the culmination of two or more

REFERENCES

Am Jur 2d, Courts §§ 87 *et seq.*

Am Jur 2d, Criminal Law §§ 336 *et seq.*; 361 *et seq.*

Construction and effect of statutes providing for venue of criminal case in either county, where crime is committed partly in one county and partly in another. 30 ALR2d 1265.

acts done in the perpetration thereof may be prosecuted in any county in which any one of the acts was committed (MCL 762.8; MSA 28.851).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant.

Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

SHEPHERD, P.J. Defendant was convicted of three counts of third-degree criminal sexual conduct and one count of unlawfully driving away an automobile (UDAA) following a bench trial in Detroit Recorder's Court. The trial court sentenced defendant to three terms of from seven to fifteen years for the criminal sexual conduct convictions and from two to five years for the UDAA conviction, all sentences to be served concurrently. We affirm.

The sixteen-year-old victim testified that she was stopped at a light in the City of Detroit when defendant entered her car without permission. He told her to drive to another location, which the victim did because she was frightened. The victim insisted that she had to go home, but defendant kept directing her down various streets and asking if "there were any good parties around." When the victim stopped, defendant asked her for a kiss. The victim refused and told defendant to leave. Defendant then angrily grabbed her wrist and told her to drive him to his friend's house. The victim believed defendant had a weapon in his pocket.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The victim drove defendant to Harper Woods. Defendant began yelling at her. When the victim tried to leave the car in a friend's driveway, defendant firmly held her wrist and made her drive on into Roseville in Macomb County. After defendant made her stop the car, apparently while still in Roseville, the victim remembered that a friend had left a knife on the floor of her car and she pointed it at defendant. Defendant tried to take the knife away, cutting the victim's hand in three places. Defendant threw the knife out of the car and told the victim to drive around some more.

Defendant then told the victim to return to the place where they struggled for the knife. Defendant removed the victim's clothes. He then forced the victim to engage in sexual intercourse and fellatio. After he and the victim dressed, defendant drove the car into an empty lot. He then forced the victim to engage in anal sex and sexual intercourse. He then drove the car to his friend's house. Defendant told the victim she would have to go get his friend, because the friend's wife didn't like defendant. Defendant began driving away slowly and the victim fled to a nearby house for help. Her family later took her to the Roseville Police Station and a hospital.

Defendant first argues that the Recorder's Court had no jurisdiction, which was vested instead in the Macomb Circuit Court, as the actual offenses occurred in Macomb County rather than Detroit. The trial court originally ordered a transfer to Macomb Circuit Court pursuant to MCL 762.7; MSA 28.850. Upon reconsideration, however, the court reversed itself and reinstated the case in Recorder's Court.

It appears undisputed that defendant entered the victim's car in Detroit. It also appears undisputed that the sexual acts and the UDAA occurred

in Roseville in Macomb County. All the offenses, however, occurred within the confines of the victim's automobile. This is confirmed by defendant's statement to the police read into evidence at trial, although defendant insisted in his statement that the activity was consensual. The trial court found that defendant's criminal activity "began in the City of Detroit."

The basis for the trial court's reinstatement of the case in Recorder's Court is unclear from the record. The prosecutor argued that prosecution in Recorder's Court was proper under MCL 762.9; MSA 28.852, which provides:

> Whenever a felony has been committed on a railroad train, automobile, aircraft, vessel or other moving vehicle, said offense may be prosecuted in any county, city or jurisdiction in which such conveyance was during the journey in the course of which said offense was committed.

Defendant argues that this provision requires that the vehicle be moving during the commission of the crime. In the instant case, the victim's automobile was stopped at the relevant times.

We have located no case discussing the meaning of this statute. Defendant's interpretation, however, is a reasonable and sensible one given the statutory language "or other moving vehicle." The Legislature did not use the term "moveable vehicle." We note that MCL 762.9; MSA 28.852 is not as detailed as MCL 762.3(3); MSA 28.846(3), which appears to concern misdemeanor prosecutions and felony preliminary examinations for offenses committed in a "conveyance in transit" for which it "cannot readily be determined" in which jurisdiction the offense was committed. Under MCL 762.3(3); MSA 28.846(3), venue is proper in any jurisdiction through which the conveyance passed.

Nonetheless, we agree with defendant that MCL 762.9; MSA 28.852 is intended to apply to felonies committed in a moving vehicle in situations where it is difficult to determine the county in which the criminal acts occurred.

We believe, however, that another provision permitted prosecution of this case in Recorder's Court. MCL 762.8; MSA 28.851 provides:

> Whenever a felony consists or is the culmination of two or more acts done in the perpetration thereof, said felony may be prosecuted in any county in which any one of said acts was committed.

Neither party discusses this provision, though the prosecutor cites *People v Carey,* 110 Mich App 187; 312 NW2d 205 (1981), a first-degree criminal sexual conduct case which relied upon MCL 762.8; MSA 28.851 to find jurisdiction in the Recorder's Court even though the rape allegedly occurred outside Detroit city limits and defendant was acquitted of other charged crimes which allegedly occurred in Detroit.

Third-degree criminal sexual conduct requires the sexual penetration of another person through force or coercion. MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). While penetration occurred in Macomb County in this case, it is clear that defendant's acts of force or coercion began in Detroit when defendant entered the victim's car and forced her to drive around. See *People v Jones,* 159 Mich App 758, 761; 406 NW2d 843 (1987); *People v De Cair,* 23 Mich App 438, 440-441; 178 NW2d 830 (1970). Because defendant's acts which culminated in the commission of third-degree sexual conduct and UDAA began in Detroit, the Recorder's Court properly had jurisdiction over the case under MCL 762.8; MSA 28.851.

Defendant next argues that the trial court abused its discretion in sentencing him. The sentencing guidelines recommended a minimum sentence of from three to five years for the criminal sexual conduct convictions. The probation department apparently recommended a minimum sentence of from three to six years.

The trial court heard from defendant and his counsel at sentencing. The court also heard from the victim. In imposing sentence, the court stated that defendant's acts against the victim were very serious, and indicated that Detroit residents should be able to drive in the city without experiencing "this kind of interruption" in their lives. The court noted that the victim would suffer for the rest of her life, as would her family, adding "I don't have any sympathy for the defendant." The court indicated that it was departing from the guidelines recommendation "because of the serious nature and very damaging effect it will have on this complainant for the rest of her life." On the sentencing information report, the reasons offered for departure were "crime too serious" and that defendant committed three acts of third-degree criminal sexual conduct and UDAA.

We believe the trial court based defendant's sentences upon adequate reasons as outlined by the Supreme Court in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Defendant's sentences do not shock our appellate conscience. The trial court offered adequate reasons for its departure from the sentencing guidelines recommendation. To the extent that those reasons were included in the factors considered by the guidelines, we find no error. See *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985).

Affirmed.