[No. 52103-4. En Banc. November 12, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD WAYNE HENSLER, *Appellant*.

---

*Todd M. Rutledge* and *Boettcher, LaLonde, Kleweno, Rutledge & Jahn,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul* and *David R. Koss, Deputies,* for respondent.

BRACHTENBACH, J.—Defendant was charged with possession of cocaine. A finding of guilt was made by the court upon stipulated facts. We affirm.

The only assignment of error is to the trial court's denial of defendant's motion to suppress inculpatory statements by the defendant and physical evidence derived from those statements.

This case involves a pre–*Miranda* warning statement and post–*Miranda* warning statements and physical evidence derived from information in those statements. It is difficult from the record to pinpoint the exact evidence which defendant wanted to suppress. The record does not contain the information nor is the motion to suppress before us. All we have is a reference in the conclusion of law and order denying suppression that the "second statement" was not the product of coercion and was freely and voluntarily given. As we recite the stipulated facts we will attempt to identify the statement to which the court must have

referred.

We note that defendant's statement of facts does not contain a single reference to the record. This violates RAP 10.4(f). Once more we remind counsel of the necessity of complying with the rules. Imposition of sanctions or non-consideration of the claimed error should be no surprise to lawyers who fail to comply. *Thomas v. French,* 99 Wn.2d 95, 101, 659 P.2d 1097 (1983). Nonetheless, we have reviewed the entire record in order to reach the merits.

The facts are stipulated. A patrolling Longview police officer received a radio report that a truck driver had observed the two occupants of a green Dodge Charger using marijuana and cocaine. The license number was given. The officer located a vehicle exactly matching the description, including the license plate number. A truck was adjacent; the truck driver, who had made the report, pointed to defendant's vehicle.

The officer stopped the vehicle. No challenge is made to the validity of the initial stop. The defendant and his passenger exited the vehicle and came toward the officer. The officer, for his own safety, asked them to please get back into the vehicle. They complied. Meanwhile the defendant had handed his driver's license to the officer. Upon approaching the vehicle the officer smelled the distinct odor of freshly burned marijuana coming from the car. The officer then told the two occupants that he had received a citizen's report that they had been observed using marijuana and cocaine. He asked if there was any truth to the statements. Both occupants acknowledged that they had been using the drugs. The officer then told them to please be quiet and gave the *Miranda* warnings. Both persons acknowledged that they understood their rights. The occupants then surrendered both marijuana and cocaine. At the police station a second *Miranda* warning was given. Both subjects gave confessions of possession and use.

Relying solely on *Oregon v. Elstad,* 470 U.S. 298, 84 L. Ed. 2d 222, 105 S. Ct. 1285 (1985), the trial court refused to suppress the evidence, finding that the behavior of the offi-

cer was not coercive. Hensler was convicted of possession of cocaine.

The defendant does not assign error to the trial court's finding of fact: "From the totality of the circumstances, the court does not find that anything done by Officer Munger [the officer who made the stop] was coercive." Transcript of Record, at 34. Nor does defendant assign error to the conclusion of law that: "The court finds that the second statement made by the defendant after being advised of his *Miranda* rights was not the product of coercion and was freely and voluntarily given." Transcript of Record, at 34.

Three inculpatory statements are involved here. First, prior to any *Miranda* warnings, the defendant and his passenger admitted the truth of the informant's statement that they had been seen *using* marijuana and cocaine. After *Miranda* warnings, at the scene of the stop, they admitted *possession* of the drugs and produced the drugs. Later, after a second *Miranda* warning, they both gave confessions. Those confessions are not in the record.

As indicated, we do not know from the record what the information charges were against the defendant. We have an unclear reference to the second statement. That is all the court ruled upon. The conviction was for *possession* of cocaine. We presume, accurately we believe, that the issue relates to the statement admitting *possession* of cocaine. This admission of *possession* of cocaine was made after a proper *Miranda* warning. The assignment of error merely refers to "statements." Since there are no facts relating to the later confession, given after a second *Miranda* warning, we limit our consideration to the statement of possession given at the scene of the arrest.

Defendant argues that *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966) and *State v. Lavaris,* 99 Wn.2d 851, 664 P.2d 1234 (1983) mandate a rule that, to quote defendant's statement of the issue,

whenever a law officer obtains incriminating statements from a suspect by improperly interrogating the suspect

without first advising him of *Miranda* warnings, any incriminating statements obtained after a subsequent advisement of the *Miranda* warnings is presumed tainted by the improper pre-*Miranda* statements, especially when the two interrogations are close together in time and place.

Brief of Appellant, at 4.

Defendant urges us to reject what he terms "the strained reasoning" of *Oregon v. Elstad, supra,* and limit it to its facts. Further, he argues that our state constitution, article 1, section 3, dictates a result different from that in *Elstad.* His sole citation is to Const. art. 1, § 3. The correct citation is Const. art. 1, §§ 7, 9.

If this case involved the broad question postulated by defendant, as quoted above, we would look first to our state constitution. *State v. Stroud,* 106 Wn.2d 144, 154, 720 P.2d 436 (1986) (Durham, J., concurring). Our interpretation of our state constitution is not constrained by the United States Supreme Court's interpretation of similar federal constitutional provisions. *State v. Bartholomew,* 101 Wn.2d 631, 639, 683 P.2d 1079 (1984). Once we have examined the issues under our own interpretation of the state constitution, we may then examine and analyze the rationale of relevant United States Supreme Court cases. Even if we have used the rationale of federal cases in previous state constitutional questions, if we are not persuaded by the reasons for a change in federal doctrine we need not adopt the rationale of that Court. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984).

We need not engage in such exercise in this case unless the first statement made to the officer came from a custodial interrogation. The concept of "custodial" interrogation runs throughout the *Miranda* opinion. The *Miranda* Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (Footnote omitted.) *Miranda,* at 444.

*State v. Lavaris, supra,* by its facts and the explicit lan-

guage of the opinion, was concerned with custodial interrogation. *Lavaris,* at 857.

■ The decisive question thus is whether the defendant's first inculpatory statement was made during a custodial interrogation. Custodial interrogation is somewhat illusive to define precisely. Our decisions have long been concerned with the compulsion inherent in custodial questioning, *e.g., State v. Creach,* 77 Wn.2d 194, 197, 461 P.2d 329 (1969). Protection against deceptive techniques of interrogation also has warranted close examination. *State v. Hilliard,* 89 Wn.2d 430, 433, 573 P.2d 22 (1977). We have evaluated the total circumstances, including the presence or absence of probable cause to arrest the particular individual. *Creach,* at 198.

The overall concern of our prior cases is with the dual purposes of (1) protecting the individual from the potentiality of compulsion or coercion inherent in in–custody interrogation, and (2) protecting the individual from deceptive practices of interrogation. *Heinemann v. Whitman Cy.,* 105 Wn.2d 796, 806, 718 P.2d 789 (1986).

Here we have an unchallenged finding of fact that nothing done by the officer was coercive. No attack is made upon the evidence in support of that finding. After examination of the officer's testimony, which is the only testimony in the record, we find that his conduct and single question was remarkably free of any deception. He testified that when he stopped the vehicle, he thought there might be drug use, but he didn't know for sure. When both occupants got out of the car immediately after the stop, the defendant voluntarily offered his driver's license. The officer, being alone and concerned for his safety, without more, ordered them back into the car. He then asked the single question whether the tip about using drugs in the car was true. This was a straightforward, nondeceptive question. Any belief on his part that these persons were probably in possession of contraband was not articulated and could not lead to a reasonable perception by the subjects that they were under arrest and in custody. *Berkemer v. McCarty,*

468 U.S. 420, 441–42, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984).

Our analysis of this very brief, noncoercive, nondeceptive, single question leads us to conclude that there is not any factual premise to equate the officer's conduct with custodial interrogation. Therefore, the necessity of *Miranda* warnings never arose at that point. *Heinemann v. Whitman Cy., supra.*

Affirmed.

PEARSON, C.J., and UTTER, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.

ANDERSEN, J., concurs in the result.