[No. 27903-3-I.   Division One.   July 13, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY
WALTON, *Appellant.*

*Philip E. Rosellini* and *Smith, Rosellini & Kosanke,* for
appellant.

*David S. McEachran, Prosecuting Attorney,* and *Steven E.
Knapp, Deputy,* for respondent.

PEKELIS, J. — Jeffrey Walton appeals from his juvenile court conviction on one count of minor in possession and/or consumption of liquor. Walton contends that the trial court erred in denying his motions to suppress his out-of-court statement to the police and to dismiss the case for insufficient evidence. He also challenges the constitutionality of RCW 46.20.265(1), which requires automatic revocation of the driving privileges of juveniles who are convicted of alcohol and drug offenses. We affirm.

I

On November 3, 1990, at approximately 11:30 p.m., Bellingham Police Officer Leslie Gitts received a report that a juvenile party was in progress at a 2-story apartment complex in Bellingham. When he arrived at the scene, Officer Gitts entered the complex and contacted Walton on the second story landing.

Upon making contact with Walton, Officer Gitts detected an odor of alcohol on his breath. Officer Gitts immediately requested Walton's identification, which indicated that he was 17 years old. Officer Gitts then asked Walton "if he had anything to drink." Walton responded that he had consumed "half a beer" at the juvenile party. Officer Gitts cited Walton for minor in possession and/or consumption of liquor, RCW 66.44.270.[1]

At Walton's juvenile court hearing, Officer Gitts testified that he did not advise Walton of his *Miranda*[2] rights. He also testified that Walton was not under arrest at the time he asked him whether he had been drinking.[3] Officer Gitts

---

[1]RCW 66.44.270 provides, in pertinent part, that:

"(2) It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor." The term "liquor" includes beer. RCW 66.04.010(15).

[2]*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

[3]On cross examination, Officer Gitts stated that Walton *was* under arrest when he posed the question. However, when asked to clarify his testimony on this issue, Officer Gitts restated his original testimony that Walton had not been placed under arrest.

stated that although he was "pretty sure" Walton had violated RCW 66.44.270 when he posed the question, he was still investigating. He also testified that he probably would have arrested Walton had he attempted to leave. Officer Gitts did not observe any alcohol in Walton's possession, nor did he observe Walton consume any alcohol.

At the conclusion of the State's case, defense counsel made an oral motion to suppress Walton's statement and to dismiss the charge for insufficient evidence. The trial court denied Walton's motion to suppress, reasoning under *Berkemer v. McCarty*, 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984) and its progeny that he was not entitled to *Miranda* warnings. The trial court also concluded that the State had presented sufficient evidence to establish that Walton had consumed alcohol based on his admission and the odor of alcohol on his breath and found Walton guilty as charged. This timely appeal follows.

## II

Walton contends that the trial court erred in failing to suppress his statement to Officer Gitts that he had consumed beer at the juvenile party. He argues that the inculpatory statement was the product of a custodial interrogation which was not preceded by the administration of *Miranda* warnings.

A person subjected to custodial interrogation by a state agent is entitled to the benefit of the procedural protections enunciated in *Miranda*. *State v. Sargent*, 111 Wn.2d 641, 647, 762 P.2d 1127 (1988) (citing *Miranda*). "Custody" for *Miranda* purposes is established " '. . . as soon as a suspect's freedom of action is curtailed to a "degree associated with formal arrest." ' " *State v. Watkins*, 53 Wn. App. 264, 274, 766 P.2d 484 (1989) (quoting *Berkemer*, 468 U.S. at 440). " '[T]he only relevant inquiry is how a reasonable [person] in the suspect's position would have understood his [or her] situation.' " *Watkins*, 53 Wn. App. at 274 (quoting *Berkemer*, 468 U.S. at 442).

■ The fact that a suspect is not "free to leave" during the course of a *Terry* stop does not make the stop comparable to a formal arrest for purposes of *Miranda*. *See Berkemer*, 468 U.S. at 439-40; *State v. Wilkinson*, 56 Wn. App. 812, 819, 785 P.2d 1139, *review denied*, 114 Wn.2d 1015 (1990). The reason is that, unlike a formal arrest, a typical *Terry* stop is not inherently coercive because the detention is presumptively temporary and brief, is relatively less "police dominated", and does not easily lend itself to deceptive interrogation tactics. *See Berkemer*, 468 U.S. at 437-40; *State v. Hensler*, 109 Wn.2d 357, 362-63, 745 P.2d 34 (1987) (citing *Heinemann v. Whitman Cy.*, 105 Wn.2d 796, 806, 718 P.2d 789 (1986)).

Walton argues that he was in custody because Officer Gitts had probable cause to arrest him and thus was authorized to restrict his freedom of action if he had attempted to leave. This argument is without merit. Officer Gitts' question was posed in the course of a typical *Terry* stop. Although Officer Gitts acknowledged that he would have arrested Walton had he attempted to leave, there is no evidence that Officer Gitts communicated this to *Walton*. This uncommunicated plan could not lead Walton, as a reasonable person, to believe that he was under arrest and in custody. *See Berkemer*, 468 U.S. at 442 ("A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time"); *Hensler*, 109 Wn.2d at 362-63 (unarticulated belief that suspects were probably in possession of contraband could not lead to reasonable perception by suspects that they were under arrest and in custody).

■ Moreover, the fact that Officer Gitts' question to Walton was designed to elicit an incriminating response did not require that Walton be apprised of his *Miranda* rights. A police officer may ask a detainee "a moderate number of questions to . . . try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond." *Berkemer*, 468 U.S. at 439. An additional safeguard is found in the prohibition against a police officer

attempting to elicit an incriminating response through illegitimate, *i.e.*, deceptive, means. *See Berkemer*, 468 U.S. at 438 & n.27; *Hensler*, 109 Wn.2d at 362-63.

Thus, because Officer Gitts acted in a noncoercive, routine investigatory manner, Walton's inculpatory statement was not a product of custodial interrogation. Furthermore, there is no evidence that Office Gitts' question was deceptive. Therefore, no *Miranda* warnings were required, and the trial court did not err in denying Walton's motion to suppress the statement.

■ Walton contends next that there was insufficient evidence to sustain his conviction. However, the evidence that Walton violated RCW 66.44.270 consisted of his age, his admission that he had consumed beer at the juvenile party, and Officer Gitts' corroborating testimony that he detected the odor of alcohol on Walton's breath. This constituted sufficient evidence to sustain Walton's conviction under RCW 66.44.270. *See State v. Little*, 116 Wn.2d 488, 491, 806 P.2d 749 (1991).

Walton's final contention is that his right to due process was violated by RCW 46.20.265(1), which requires the Department of Licensing to automatically revoke the driving privileges of juveniles who are convicted of specified alcohol or drug offenses, including RCW 66.44.270. We do not reach this contention because it is not properly before this court. Walton has not assigned error to any action taken by the trial court, but simply challenges the authority of the Department of Licensing to revoke his driving privileges without a hearing. Not only is this issue entirely separate from Walton's criminal conviction, but the record before us is devoid of any reference to the revocation action, thus making it impossible to review.

Walton's conviction is affirmed.

SCHOLFIELD and BAKER, JJ., concur.