[No. 39258-1-I. Division One. July 28, 1997.]

NIGEL KEIFFER, *Respondent*, v. THE CITY OF SEATTLE CIVIL SERVICE COMMISSION, ET AL., *Appellants*.

*Mark H. Sidran, City Attorney*, and *Leigh Ann Collings Tift* and *James C. Webber, Assistants*, for appellants.

*Glen C. Hoff*, for respondent.

AGID, J. — The City of Seattle Civil Service Commission et al. appeal the superior court's order granting summary judgment to Nigel Keiffer in his declaratory judgment action. The trial court ruled that the Civil Service Commission's failure to reach a decision within 90 days operates as a decision in favor of the employee. It also directed that Keiffer be reinstated with benefits and back pay. We agree with the superior court that the Commission's failure to reach a decision operates in favor of the employee but

conclude that res judicata bars the court from granting any relief in addition to the declaratory judgment. We therefore affirm in part and reverse in part.

## ■ FACTS[1]

Keiffer was formerly employed by the City of Seattle as a Senior Real Property Agent. The City terminated him in June 1988 and has not employed him since that time. Keiffer appealed his termination to the Civil Service Commission in July 1988.[2] In addition to filing the appeals before the Civil Service Commission, Keiffer also filed two lawsuits challenging his dismissal as discriminatory and retaliatory in the United States District Court for the Western District of Washington (No. C90-938) and the King County Superior Court (No. 90-2-13039-8). Both cases were later dismissed on summary judgment. Following a two-year delay arising from the Commission's inability to form a quorum because of the lawsuits Keiffer filed against two of the commissioners, a hearing examiner designated by the Commission heard Keiffer's appeals and issued a decision in 1991 upholding the City's action. Keiffer filed a petition for review of that decision before the full Commission on April 20, 1992. Two months later on June 26,

---

[1]Both parties' citations to this fairly large record fail to comply with the Rules of Appellate Procedure. *See* RAP 10.4(f). Every citation in Keiffer's statement of facts, without a single exception, is to CP 377-92, his motion for summary judgment, not to the page in the record where the evidence that supports each fact can be found. The City in turn lists the sub-number of each document instead of the page of the clerk's papers as CP, and then cites to page numbers that only sometimes exist. It would be well within our discretion to decline to reach any issues supported by such inadequate citation to the record. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (assignments of error not supported by specific citation to pertinent portions of record deemed waived). In the interest of finally bringing this litigation to a close nearly a decade after the action giving rise to this litigation occurred, however, we have taken the extraordinary measure of searching the record ourselves for the information required to resolve these issues. *See State v. Hensler*, 109 Wn.2d 357, 359, 745 P.2d 34 (1987) (though a court will sometimes consider a case where RAP 10.4(f) has not been properly complied with, imposition of sanctions or nonconsideration of the claimed error should be no surprise to lawyers who fail to comply).

[2]That appeal was consolidated with Keiffer's prior appeal from a three-day suspension that occurred in February 1988.

the Commission amended Rule 8.04(2) to provide that if it failed to reach a decision within 90 days, the hearing examiner's decision would stand as its decision on appeal.[3] One of the three commissioners, Commissioner Lowthean, recused himself and the two remaining commissioners disagreed on the merits of Keiffer's appeal. On July 17, Commissioner Sakamoto issued a conclusory one paragraph decision rejecting Keiffer's appeal; on July 31, Commissioner Scannell issued a detailed 16-page decision granting the appeal. On August 4, the Commission notified Keiffer of its failure to reach a decision within the required 90-day period and its conclusion, based on the amended version of Rule 8.04(2), that its failure to do so operated against him and affirmed the examiner's decision.

On August 17, 1992, Keiffer filed another action in superior court seeking a writ of review and a declaratory judgment. The superior court dismissed both claims. On appeal, this court upheld the order dismissing Keiffer's petition for a writ of review but agreed with him that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. Court Order, March 7, 1995. Based on our conclusion that declaratory relief was appropriate in this case, we remanded Keiffer's claim for a declaratory judgment to the superior court to determine the legal significance of the Commission's untimely split decision. The superior court heard the matter on remand and ruled in favor of Keiffer.

## DISCUSSION

### Amended Rule 8.04(2)

The City first contends that the superior court erred when it held that the Civil Service Commission's failure

---

[3]Commissioner Sakamoto and Commissioner Lowthean voted to modify the rule; Commissioner Scannell opposed the change. The Commission did not notify Keiffer that it was considering any change in the rules even though he had already filed his petition for review.

to reach a decision within 90 days operates as a decision in favor of the employee because Rule 8.04(2), as amended, is inconsistent with the City Charter. Article XVI, section 6 of the City Charter, which established and regulates the Civil Service Commission, provides in pertinent part:

> Hearings shall be conducted on a timely basis and decisions rendered within ninety days after the hearing is completed. If the Commission fails to decide an appeal within ninety days, unless the appellant consents to an extension, the appeal shall be sustained.

An opinion by the City Attorney interpreting article XVI, .section 6 dated August 25, 1981, stated:

> The language of Section 6, Article XVI made a substantial change in the process by which appeals to the Civil Service Commission are to be heard and resolved by that body. . . . Under the last sentence [of section 6 as quoted above], . . . where the full Commission or simply a quorum of two members takes under consideration a matter appealed to it and at least two commissioners are unable to agree on a decision within ninety days after the completion of the hearing on the matter, unless the appellant consents to an extension of the time allowed for a decision to be made, the appellant will automatically win his/her appeal.

█ On June 26, 1992, two months after Keiffer filed his petition for review of the hearing examiner's decision, the Commission amended its Rule 8.04(2), to provide:

> Timing of Commission Decision. The Commission will make its decision on its review within ninety (90) days after the later of (a) its receipt of the petition and the record of proceedings from the Hearing Examiner or (b) the close of the Commission hearing. If the Commission should fail to issue a decision within that time, the Hearing Examiner's findings of fact, conclusions of law and decision shall stand as the decision of the Commission on the appeal.

The City concedes that prior to amending Rule 8.04(2) in June 1992, an employee's appeal would have been sustained if the Commission did not render a decision within

90 days. It also concedes that under Washington law, "the civil service commission cannot modify or repeal provisions of the city charter or pass resolutions which are not authorized by the power by which it is created." *State ex rel. Olson v. City of Seattle*, 7 Wn.2d 379, 384, 110 P.2d 159 (1941). But the City argues that Rule 8.04(2) is not inconsistent with article XVI, section 6 because that section establishes only the deadline within which a hearing examiner's decision must be made, whereas its rule establishes a deadline for the Commission's review of the hearing examiner's decision. A fair and rational reading of article XVI, section 6 does not support this distinction. *See Terhar v. Department of Licensing*, 54 Wn. App. 28, 33, 771 P.2d 1180 (administrative regulations must be given a reasonable construction to avoid meaningless distinctions), *review denied*, 113 Wn.2d 1008 (1989). Rather, the provision was clearly intended to apply both to the decision after the initial hearing and, if that hearing has been delegated to a hearing examiner, the Commission's final decision on the appeal.[4]

 The first sentence of the pertinent paragraph states that "[h]earings shall be conducted on a timely basis and decisions rendered within ninety days after the hearing is completed." This sentence directs that the decision on a hearing must be issued within 90 days. The second sentence of the paragraph continues, "[i]f the Commission fails to decide an appeal within ninety days . . . the appeal shall be sustained." This sentence addresses appeals generally and makes clear that the 90-day requirement extends to decisions by the Commission on appeal from the decision of a hearing examiner, as well as to the decision of the hearing examiner itself. If a matter is still before the Commission, either because the Commission has elected to delegate its authority to a hearing examiner

---

[4]The City argued below that the Commission's action did not fall under article XVI, section 6 because it did not "fail" to make a decision but was merely "unable" to make one. Perhaps because it has since realized that its own rule also refers to "fail," it has not resurrected that argument on appeal.

or because a hearing examiner's decision has been appealed to the full Commission, that appeal has not yet been decided. The possibility that the Commission will fail to render a final decision, within 90 days or otherwise, still exists. Because article XVI, section 6 addresses a failure on the part of the Commission "to decide an appeal," we hold that this section applies both to issuing a decision following a hearing, whether that hearing is held before a hearing examiner or before the full Commission, and to the Commission's review of an appeal from a decision by a hearing examiner.[5]

Indeed, to construe article XVI, section 6 otherwise would be to render it virtually meaningless. Rather than encouraging the Commission to render timely decisions on any appeals before it, the rule would permit the Commission to take no action at all. It could simply allow the hearing examiner's decision to stand, effectively denying anyone appealing a hearing examiner's decision the opportunity for meaningful review of that decision short of filing an action in superior court. Because Rule 8.04(2) is inconsistent with article XVI, section 6, the superior court properly granted summary judgment to Keiffer on that basis.

Even if Rule 8.04(2) were valid, summary judgment would have been proper on the ground that the Commission improperly applied the amended rule retroactively to Keiffer. The Commission failed to notify Keiffer of the proposed change in the rule until August 4, 1992, when it notified him that it had failed to reach a decision in his case within the 90-day period and applied the amended rule to find against him. SMC 3.02.030, entitled "Notice and hearing on adoption of rules," provides in pertinent

---

[5]Nor does the language of Rule 8.04(2) support the City's argument. If it were indeed intended to apply only to the Commission's review of a hearing examiner's decision, there would be no need to distinguish between "the later of (a) its receipt of the petition and the record of proceedings from the Hearing Examiner or (b) the close of the Commission hearing." *See Downtown Traffic Planning Comm. v. Royer*, 26 Wn. App. 156, 165, 612 P.2d 430 (1980) (an administrative regulation should be construed so that no portion of it is superfluous).

part: "Prior to the adoption, amendment or repeal of any rule, an agency shall . . . [a]fford all interested persons an opportunity to present data, views, or arguments in regard to the proposed action." SMC 3.02.020(C) defines an "interested person" as "any individual . . . significantly affected by or interested in proceedings before an agency, and shall include any party in a contested case." Because he was a party in a contested case before the Commission, Keiffer was entitled to notice under SMC 3.02.030. The Commission's failure to notify him until after it failed to reach a decision in his case required, at a minimum, that his case be decided under the prior rules.

A majority of the panel having concluded that the remainder of this opinion lacks precedential value, it is ordered that only the foregoing will be published. The balance of the opinion shall be filed for public record as provided in RCW 2.06.040.

COLEMAN and ELLINGTON, JJ., concur.

Review denied at 135 Wn.2d 1008 (1998).