# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|                          |   |                              |
|--------------------------|---|------------------------------|
| STATE OF WASHINGTON,     | ) | No. 69447-2-I                |
|                          | ) |                              |
| Respondent,              | ) | DIVISION ONE                 |
|                          | ) |                              |
| v.                       | ) |                              |
|                          | ) |                              |
| V.S. (DOB: 01/28/1995),  | ) | UNPUBLISHED OPINION          |
|                          | ) |                              |
| Appellant.               | ) | FILED: ___JUL 2 9 2013___    |
|                          | ) |                              |

PER CURIAM – The juvenile court found sixteen-year old V.S. guilty of Minor in Possession of Liquor (MIP). V.S. now appeals, contending that the odor of alcohol on his breath and his admission of alcohol consumption are not sufficient for conviction of MIP. We affirm.

V.S. and two friends jumped the fence of Federal Way Memorial Stadium during a Decatur girls' high school soccer game. The fence jumping was reported to security and a police officer responded. The officer determined that the three boys had trespassed by jumping the fence rather than paying to enter the stadium, so he placed them under arrest. After reading V.S. his Miranda rights and handcuffing him, the officer noticed an odor of intoxicants from V.S.'s breath. The officer escorted V.S. to his police vehicle. V.S. then wrote a statement admitting that he had consumed alcohol. V.S. was charged and then found guilty of Minor in Possession of Liquor under RCW 66.44.270(2).

V.S. appeals.

V.S. alleges insufficient evidence to support his conviction for MIP. "The test for determining the sufficiency of the evidence is whether, after viewing the

evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt."[1] A claim of insufficiency admits the truth of the State's evidence and reasonable inferences must be drawn in favor of the State.[2]

Under the MIP statute, "[i]t is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor."[3] The statute also establishes that "[i]t is unlawful for a person under the age of twenty-one years to be in a public place, or to be in a motor vehicle in a public place, while exhibiting the effects of having consumed liquor."[4] In this case, the juvenile court did not specify the subsection of RCW 66.44.270(2), but concluded that V.S. had consumed liquor while under twenty-one years of age. Therefore, V.S. was convicted under RCW 66.44.270(2)(a) based on his consumption of alcohol.

V.S. contends that the officer never saw him possess or consume alcohol. However, the officer smelled alcohol on V.S.'s breath and V.S. admitted that he had consumed a beer. Under current case law, the smell of alcohol and an admission of consumption provide sufficient evidence to support a conviction for MIP.[5] In Walton, this court concluded that "the evidence that Walton violated RCW 66.44.270 consisted of his age, his admission that he had consumed beer at the juvenile party, and Officer Gitts' corroborating testimony that he detected the odor of alcohol on Walton's breath. This constituted sufficient evidence to

---

[1] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
[2] Id.
[3] RCW 66.44.270(2)(a).
[4] RCW 66.44.270(2)(b).
[5] See State v. Walton, 67 Wn. App. 127, 131, 834 P.2d 624 (1992).

sustain Walton's conviction under RCW 66.44.270."[6] This case presents nearly identical evidence -- V.S. smelled of alcohol and admitted consumption of beer. The evidence is sufficient to support the MIP conviction.

V.S. claims that an MIP for consumption requires more than an admission and odor of intoxicants. As an example, V.S. highlights that Walton was leaving an underage party when he was stopped by police. But the court in Walton did not designate the proximity to a party as essential evidence. The important factor was the admission, rather than the surroundings at the time of the admission. The confession to beer consumption and the smell of alcohol provided sufficient evidence for the conviction regardless of proximity to the party.

V.S. also notes the supplemental evidence in State v. Preston, where the defendant had alcohol on his breath, confessed to consuming beer and was seen putting empty beer bottles in the trash.[7] According to V.S., the beer bottle was the additional evidence necessary to prove MIP. The court noted this evidence and included the beer bottles in its analysis of the sufficiency of the evidence. "In addition to the odor of alcohol on Preston's breath, the arresting officer testified that he saw Preston put empty beer bottles in the trash receptacle."[8] But, the court further stated that, "[e]ven more importantly, after Preston was read his Miranda rights, he confessed to the officer that he had drunk a number of the

---

[6] Id.
[7] 66 Wn. App. 494, 499, 832 P.2d 513 (1992).
[8] Id.

beers."[9] The confession—rather than the beer bottles—was the important evidence to support the conviction.

V.S. admitted to drinking a beer and his breath smelled of alcohol. This evidence is sufficient to prove that V.S. consumed alcohol in violation of RCW 66.44.270(2)(a).

Affirmed.

For the court:

_Verellen, J._

_Appelwick, J._

_Cox, J._

---

[9] Id.