[No. 12814–1–I.   Division One.   November 26, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK HAM, ET AL, *Petitioners.*

*Greive & Law, Timothy A. Law,* and *R. R. Greive,* for petitioners.

*Seth Dawson, Prosecuting Attorney,* and *Gerry Mac-Camy* and *Constance M. Crawley, Deputies,* for respondent.

SWANSON, J.—Twelve persons seek discretionary review of the superior court's affirmance of a district court judgment that they violated RCW 16.52.130, which prohibits gamecock fighting.

The sole issue is whether RCW 16.52.130 on its face violates the defendants' equal protection rights.[1] Equal protection of the laws under the state and federal constitutions requires that "persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978), *quoted in State v. Phelan,* 100 Wn.2d 508, 512, 671 P.2d 1212 (1983); *see F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 64 L. Ed. 989, 40 S. Ct. 560 (1920).

RCW 16.52.130 reads:

Training birds to fight—Attending exhibitions. Every person who owns, possesses, keeps, or trains any bird with the intent that such bird shall be engaged in an exhibition of fighting, or is present at any place, building or tenement, where training is being had or preparations are being made for the fighting of birds, with the intent

---

[1]Discretionary review was granted on equal protection and due process challenges to RCW 16.52.130. However, no due process argument was presented that the statute is vague or overly broad. Hence, the due process issue will not be considered. *See* RAP 10.3(a)(5); *State v. Van Auken,* 77 Wn.2d 136, 142, 460 P.2d 277 (1969).

Although the defendants in their brief challenge the sufficiency of the evidence and the propriety of the in–court identification procedure, discretionary review was not granted on these issues; thus, these issues are not properly before this court on review.

to be present at such exhibition, or is present at such exhibition, shall be guilty of a misdemeanor.

This statutory provision creates a classification based upon cockfighting participation.

■ A statute that does not affect fundamental rights or create a suspect classification is generally subject to minimal judicial scrutiny rather than strict scrutiny. *Paulson v. Pierce Cy.*, 99 Wn.2d 645, 652, 664 P.2d 1202, *appeal dismissed*, 104 S. Ct. 386 (1983). Here no allegation or finding was made that the defendants are members of a suspect class or that they were denied a fundamental right; hence, the minimum scrutiny test is applicable. *See Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 834, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979 (1980).

However, a person's right to liberty is at stake in a criminal violation. Where a deprivation of liberty concerned pretrial detention time, this court recently applied an intermediate level of scrutiny, which requires that a substantial state interest be advanced to justify the different treatment of similarly situated groups. *State v. Cook*, 37 Wn. App. 269, 271–72, 679 P.2d 413 (1984). Thus, arguably an intermediate level of scrutiny applies here.

Under either test, the statute is constitutional. Washington's courts have developed a 3–pronged minimum scrutiny test to determine whether legislation violates the equal protection clause:

> (1) whether the legislation applies alike to all members within the designated class; (2) whether there are reasonable grounds to distinguish between those within and those without the class; and (3) whether the classification has a rational relationship to the purpose of the legislation.

*Paulson*, at 653. Under this analysis, a challenged statute is presumed to be constitutional, and the challenging party bears the burden of showing that the classification has no reasonable basis or is contrary to the legislation's purpose. *Paulson v. Pierce Cy.*, *supra*.

In this case no contention has been made that the statute applies unequally to all members of the class of cockfighting participants. However, the defendants contend that the test's second prong is not met because hunting and fishing, which are regulated but not wholly prohibited by statute, are just as cruel to animals as cockfighting exhibitions. Nevertheless, reasonable grounds exist for the statutory classification. Proscribing cockfighting has an anti–gambling as well as a humane purpose. Moreover, besides providing sport, hunting and fishing, unlike cockfighting, provide food; and hunting benefits certain species by controlling population levels.

■ Equal protection does not require that a state attack an evil in its entirety; the Legislature in its discretion may undertake reform in piecemeal fashion. *McDonald v. Board of Election Comm'rs,* 394 U.S. 802, 809, 22 L. Ed. 2d 739, 89 S. Ct. 1404 (1969); *State v. Kent,* 87 Wn.2d 103, 111, 549 P.2d 721 (1976). The Legislature may prohibit cockfighting without proscribing all activities that inflict cruelty upon animals. The test's third prong is similarly satisfied: the classification has a rational relationship to the dual purposes of preventing cruelty to animals and gambling.

■ Finally, the statute survives heightened scrutiny, for the State's interests are substantial. RCW 16.52.130 does not violate the equal protection clause.

The judgment is affirmed.

CALLOW and COLEMAN, JJ., concur.