[No. 11014-1-III.   Division Three.   December 24, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIZABETH
ANN ALLEN, *Appellant*.

*John B. Daley,* for appellant.

*Andrew K. Miller, Prosecuting Attorney,* and *Kevin L. Holt, Deputy,* for respondent.

MUNSON, J. — Elizabeth Allen appeals the disposition adjudicating her guilty of being a minor in consumption of intoxicants.[1] She contends the evidence was insufficient to support conviction and her confession was improperly admitted into evidence.

On the evening of February 2, 1990, Police Sergeant Scott Hamilton saw Ms. Allen and another woman staggering in the roadway. When he approached them, he saw Ms. Allen was wearing only one shoe and sock, had blood on her, and appeared to be intoxicated. Sergeant Hamilton attempted to question them, and when the other woman started to respond, Ms. Allen struck her in the face. He arrested Ms. Allen for assault, advised her of her rights, and asked her if she had been drinking. She told him she had consumed a large quantity of wine. At this point there was some allegation of a sexual assault. He contacted Ms. Allen's mother who took her to the hospital. The Sergeant advised a deputy prosecutor he believed Ms. Allen was too intoxicated to give a competent statement at that time. He also made arrangements to have the mothers of the girls bring them to the police station the next day.

The next day, Officer Ronald Bailey, having been told Ms. Allen was the victim of a possible rape, took her tape-recorded statement. He advised her of her *Miranda*[2] rights,

---

[1]RCW 66.44.270(2) states: "It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor."

[2]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

which she waived. She then told him she had consumed alcohol at home and at a friend's house. Ms. Allen was reluctant to talk about the rape, and at some point during the interview said she did not want to say at whose house she had been the previous evening. Officer Bailey assured her she was not a suspect in anything and was, in fact, considered a victim.[3]

Ms. Allen contends a person is not guilty of violating RCW 66.44.270 unless he or she possesses or consumes alcohol in the arresting officer's presence. *See State v. Hornaday*, 105 Wn.2d 120, 713 P.2d 71 (1986).

The issue in *Hornaday* was whether Mr. Hornaday had been lawfully arrested under former RCW 10.31.100(1). The statute only authorized warrantless arrests for misdemeanors committed in the arresting officer's presence. Laws of 1979, 1st Ex. Sess., ch. 28, § 1. The court rejected the argument that consumption is an ongoing process which continues as long as alcohol is in the defendant's bloodstream. *Hornaday*, at 128, holds consumption of alcohol occurs at the moment it is drunk. Therefore, unless the arresting officer sees a person drink liquor, consumption has not occurred in his presence and a warrantless arrest based solely on the arrestee's obvious intoxication is unlawful. *Hornaday*, at 129.[4]

---

[3]The officer sent her statement to the office of the prosecuting attorney. The deputy prosecuting attorney declined to prosecute anyone for rape and further did not charge Ms. Allen with assault. Rather, he charged her in juvenile court with being a minor in consumption of intoxicants.

[4]Noting the officer did not see the defendant acquire, possess, or consume any liquor, the court stated: "Defendant therefore was not guilty of violating RCW 66.44.270." *Hornaday*, at 129. We believe the court misspoke and intended to say the defendant was "not guilty of violating RCW 66.44.270 in the presence of the officer" as required for a lawful warrantless misdemeanor arrest. Since Mr. Hornaday's violation of the statute was not an issue, the statement regarding guilt was dicta.

RCW 10.31.100 was amended in 1987 to permit a warrantless misdemeanor arrest when the officer has "probable cause to believe that a person has committed or is committing a misdemeanor . . . involving the acquisition, possession, or consumption of alcohol by a person under the age of twenty-one years . . .". Laws of 1987, ch. 154, § 1.

Ms. Allen does not assert she was unlawfully arrested. She was lawfully arrested for assault in the fourth degree committed in the presence of the officer. She does contend her statements to Officer Bailey should have been suppressed because her waiver of *Miranda* rights was obtained by deception and therefore was not made knowingly and voluntarily.

■ A "totality-of-the-circumstances" approach is used in determining whether a juvenile has voluntarily waived *Miranda* rights. *State v. Jones*, 95 Wn.2d 616, 625, 628 P.2d 472 (1981) (citing *Fare v. Michael C.*, 442 U.S. 707, 725, 61 L. Ed. 2d 197, 99 S. Ct. 2560 (1979)). "[A]ny evidence that the accused was threatened, tricked, or cajoled into a waiver will, of course, show that the defendant did not voluntarily waive his privilege." *Miranda v. Arizona*, 384 U.S. 436, 476, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

■ To prevail on her claim waiver was procured by deception, Ms. Allen must show she was led to believe the sole purpose of the questioning was to determine whether a third person could be charged with rape, and this belief was material to her decision to talk. *See United States v. Stern*, 858 F.2d 1241, 1249 (7th Cir. 1988) (citing *United States v. Serlin*, 707 F.2d 953, 956 (7th Cir. 1983)).

Police need not inform a suspect of the precise charges against him, especially when the nature of potential charges depends on circumstances unknown to the police. *Armour v. State*, 479 N.E.2d 1294, 1298 (Ind. 1985) (citing *Berkemer v. McCarty*, 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984)). "The suspect should be informed of the reason for the investigation or the incident which gave rise to the interrogation so that the suspect can make a knowing and intelligent decision whether to forgo the privilege against self-incrimination." *Armour*, at 1298; *see State v. Beckman*, 354 N.W.2d 432, 437 (Minn. 1984). If the defendant is aware of other offenses upon which questioning is based, and the officers indicate at the outset they want to ask

about matters other than the stated purpose of questioning, the waiver may be valid. *Beckman*, at 437.

Here, the purpose of the interview was to obtain information about the alleged rape, and Ms. Allen was affirmatively assured this was the case. She was aware she had been arrested the night before for an assault and may well have believed the *Miranda* warnings related to that offense as well as rape. Nothing in the record suggests Officer Bailey intimated to her any other charges were contemplated. Indeed, it appears the prosecutor decided to pursue the minor in consumption charge some time after this interview. Under all these circumstances, it cannot be said Ms. Allen's waiver was knowing and voluntary. Use of the statement taken by Officer Bailey was error.

Erroneous admission of a voluntary confession is harmless only "if the untainted evidence alone is so overwhelming that it necessarily leads to a finding of guilt." *State v. Ng*, 110 Wn.2d 32, 38, 750 P.2d 632 (1988). The trial court made no written finding as to Ms. Allen's statement to Sergeant Hamilton. Thus, the only untainted evidence, his observations on the evening of her arrest, is insufficient to support a conviction.

We reverse and dismiss.

THOMPSON, A.C.J., and GAVIN, J. Pro Tem., concur.