[No. 13952-9-II.   Division Two.   July 16, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. SHAWN JAMES PRESTON, *Appellant*.

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Chris Quinn-Brintnall, Senior Appellate Deputy,* and *John M. Neeb, Legal Intern,* for respondent.

PETRICH, C.J. — Shawn Preston was charged with being a minor possessing and/or consuming liquor under RCW 66.44.270(2). After a bench trial in juvenile court, Preston was acquitted of possession but convicted of consumption. He now appeals, claiming that there was insufficient evidence to support the consumption conviction and that the statute mandating the Department of Licensing to revoke his license for a violation of RCW 66.44.270(2) is unconstitutional. We affirm.

On July 25, 1989, deputy sheriff Edwin Knutson was patrolling a Pierce County lakefront park and observed Preston putting a brown paper bag into a trash receptacle. After finding that the bag was full of empty beer bottles, Officer Knutson followed Preston to a large group of young people standing by the lake. Preston then took off his shirt, entered the water and swam past the boundaries of the swimming area, ignoring Officer Knutson's command to stop.

About 15 minutes later Officer Knutson saw Preston coming out of a private driveway. Upon seeing Officer Knutson, Preston ran back to the lake. Apparently after realizing that he was too tired to swim away, Preston returned to shore and spoke with Officer Knutson. Officer Knutson noticed the scent of alcohol on Preston's breath and read him his *Miranda* rights. At that time, Preston informed Officer Knutson that he had consumed only a few of the beers, not all the bottles he threw away, and that he ran away because he was scared. Officer Knutson took Preston home and placed him in his father's custody.

Preston was charged on January 30, 1990, with the crime of minor in possession and/or consumption of liquor, RCW 66.44.270(2). He was tried in Pierce County Juvenile Court on April 10, 1990. Following a bench trial, Preston was acquitted of possession of alcohol but was convicted of consumption of alcohol. He was sentenced to 2 months of community supervision, 8 hours' community service, and $80 in costs. At sentencing, Preston moved the court to prohibit the transmittal of the record to the Department of Licensing, or in the alternative, to grant a stay pending appeal. He also moved the court to declare that the statute mandating the revocation of Preston's license was unconstitutional. These motions were denied. However, a notice of appeal was apparently filed within 24 hours, which automatically stayed the suspension of his license pending appeal pursuant to RCW 46.20.270.

## SUFFICIENCY OF THE EVIDENCE

Preston contends that there was insufficient evidence to convict him for "consuming" alcohol under RCW 66.44-.270(2). RCW 66.44.270(2) provides:

(2) It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor.

According to Preston, because the arresting officer did not actually see him consume beer, there was insufficient evidence to convict him of the crime of consuming alcohol.

Preston cites *State v. Hornaday*, 105 Wn.2d 120, 129, 713 P.2d 71 (1986) for the proposition that in order to be convicted of the crime of consuming alcohol, the arresting officer must observe the minor consuming the alcohol. In *Hornaday*, a police officer arrested a minor for consumption of alcohol because the minor appeared to be intoxicated and smelled strongly of alcohol. *Hornaday*, at 122. The court reversed, holding that the arresting officer did not see the crime committed in his presence, thus the arrest was invalid. *Hornaday*, at 129-30.

Preston's argument fails to recognize that the basis for the court's decision in *Hornaday* was the statutory requirement that a warrantless arrest for a misdemeanor may be made only when the offense was committed in the presence of the arresting officer. *Hornaday*, at 130; RCW 10.31.100 (1985). Under this statute at the time of *Hornaday*, there was no exception to this requirement for the consumption of alcohol by a minor. In fact, the *Hornaday* court stated that

[i]t is, however, for the Legislature to extend the authority of law enforcement officers to arrest for misdemeanors not committed in their presence by extending the list of exceptions contained in RCW 10.31.100 to include RCW 66.44.270, thereby eliminating the requirement that the consumption or possession of alcohol occur "in the presence" of the officer.

*Hornaday*, at 130.

The Legislature heeded the advice of the *Hornaday* court and amended the statute in 1987 so that it reads as follows:

A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (8) of this section.

(1) Any police officer having probable cause to believe that a person has committed or is committing a misdemeanor or gross misdemeanor . . . involving the acquisition, possession, or consumption of alcohol by a person under the age of twenty-one years under RCW 66.44.270 shall have the authority to arrest the person.

RCW 10.31.100. The statute contained this amendment at the time Preston was arrested for consuming alcohol on July 25, 1989.

Preston asserts that other language in the *Hornaday* opinion supports his contention that an arresting officer must see the minor drinking the alcohol in order for there to be sufficient evidence to support a consumption conviction under RCW 66.44.270. In response to the State's contention that "consumption" was an ongoing process, the *Hornaday* court opined

> the State's interpretation of "consume" as an "ongoing process" is improper. Consider the situation where a 20-year-old minor journeys into Idaho or British Columbia where the legal drinking age is 19 and there imbibes intoxicating liquor. Under the statutory interpretation urged by the State, probable cause to arrest the same 20-year-old for violation of RCW 66.44.270 exists if he returns to the state of Washington with any trace of liquor still present in his body. Thus, although he did not drink any intoxicating liquor within this state, he might still be subject to arrest for "consuming" liquor in the presence of a police officer who happened to notice his condition or who smelled alcohol on his breath. . . . The Legislature could not have intended such a result in those instances.

*Hornaday*, at 129. This language does not, as Preston contends, set forth a rule that a minor may not be convicted of consuming alcohol where the arresting officer did not see the minor consume the alcohol.[1] Rather, this portion of the opinion illustrates the absurdity of defining the word "consume" so as to encompass the metabolization of alcohol in the body. The *Hornaday* court clearly did not intend to require, as a matter of law, that in order to convict a minor for consumption of alcohol the arresting officer must testify that the minor consumed alcohol in his presence. *Cf. State v. Allen*, 63 Wn. App. 623, 625 n.4, 821 P.2d 533 (1991).

■ The relevant inquiry when determining whether there was sufficient evidence to sustain a criminal conviction is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have

---

[1] Even if Preston's reading of this section is correct, this section of the *Hornaday* opinion would constitute dicta because it was unnecessary to the court's decision, which was based on the validity of the arrest, not the sufficiency of the evidence. *State v. Hornaday*, 105 Wn.2d 120, 130-31, 713 P.2d 71 (1986). As dicta, this section of the *Hornaday* opinion is not binding upon us, and we decline to follow it. *State v. Forhan*, 59 Wn. App 486, 489, 798 P.2d 1178 (1990).

found the essential elements of the crime beyond a reasonable doubt." *State v. Hoffman*, 116 Wn.2d 51, 82, 804 P.2d 577 (1991); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). In addition to the odor of alcohol on Preston's breath, the arresting officer testified that he saw Preston put empty beer bottles in the trash receptacle. Even more importantly, after Preston was read his *Miranda* rights, he confessed to the officer that he had drunk a number of the beers. In this case there was clearly sufficient evidence to support a conviction for the crime of consumption of alcohol by a minor.

## CONSTITUTIONALITY OF THE REVOCATION STATUTE

Preston also challenges the constitutionality of RCW 66.44-.365(1), which mandates the court to inform the Department of Licensing of a violation of RCW 66.44.270(2) so that the violator's driver's license can be revoked.

As noted above, Preston was convicted of consuming alcohol under RCW 66.44.270(2). RCW 66.44.365(1) provides:

> (1) If a juvenile thirteen years of age or older and under the age of eighteen is found by a court to have committed any offense that is a violation of this chapter, the court shall notify the department of licensing within twenty-four hours after entry of the judgment.

RCW 46.20.265 directs the Department of Licensing to revoke the licenses of minors when it receives notice from a juvenile court pursuant to RCW 66.44.365(1):

> (1) In addition to any other authority to revoke driving privileges under this chapter, the department shall revoke all driving privileges of a juvenile when the department receives notice from a court pursuant to . . . RCW 66.44.365 . ˙. .. The revocation shall be imposed without hearing.
> (2) The driving privileges of the juvenile revoked under subsection (1) of this section shall be revoked in the following manner:
> (a) Upon receipt of the first notice, the department shall impose a revocation for one year, or until the juvenile reaches seventeen years of age, whichever is longer.
> (b) Upon receipt of a second or subsequent notice, the department shall impose a revocation for two years or until the juvenile reaches eighteen years of age, whichever is longer.

500

■ According to Preston, this statutory scheme violates the equal protection clause of the United States Constitution, U.S. Const. amend. 14, and the privileges and immunities clause of the Washington State Constitution, article 1, section 12. Washington courts generally treat the federal equal protection clause and this State's privileges and immunities clause as providing the same protection to citizens. *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987). These provisions require that " 'persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' " *State v. Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983) (quoting *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978)). Two tests have traditionally been used to determine whether the rights under the equal protection clause and the state privileges and immunities clause have been violated. One is the rational relationship test where a law is subjected only to minimal scrutiny and will be declared invalid only if "it rests on grounds wholly irrelevant to the achievement of a legitimate state objective." ' " *Schaaf*, 109 Wn.2d at 17 (quoting *Phelan*, at 512)). The other is the strict scrutiny test where a law will be held invalid unless it "is shown to be necessary to accomplish a compelling state interest." *Schaaf*, at 17.

A law is subject to strict scrutiny if it affects a fundamental right or creates a suspect classification, otherwise it is analyzed under the rational basis test. *Schaaf*, at 17.[2] Preston concedes that the rational relationship test applies to the statutory scheme at issue here.

■ ■ The rational relationship test requires a 3-step inquiry:

> (1) does the legislation apply alike to all persons within a designated class; (2) are there reasonable grounds to distinguish between those who fall within the class and those who do not; and (3) does the classification have a rational relationship to the purpose of the legislation.

---

[2] In very limited circumstances courts have applied "intermediate scrutiny" where a semisuspect class and an important right are involved. *State v. Phelan*, 100 Wn.2d 508, 514, 671 P.2d 1212 (1983).

*Forbes v. Seattle,* 113 Wn.2d 929, 943, 785 P.2d 431 (1990). A statute that does not affect a fundamental right or create a suspect class is presumed to be rational and the challenging party bears the burden of showing arbitrariness and irrationality. *In re Whitesel,* 111 Wn.2d 621, 634, 763 P.2d 199 (1988).

■ ■ The class affected by RCW 66.44.365(1) consists of minors from the ages of 13 to 17, not from 13 to 21 as Preston claimed. The statute applies to all juveniles from 13 to 17 without exception, even those that are not old enough to drive, because RCW 46.20.265(2)(a) prevents them from obtaining a license for a year after they turn 16. Thus, this statutory scheme applies alike to all within the class.

Preston argues that there are no reasonable grounds to distinguish between those who are within the class and those who are 18 to 21. The State asserts a number of possible grounds for distinguishing between these two classes: (1) a person is considered an adult for other purposes when he or she turns 18, including for the purposes of criminal prosecution; (2) a person is given the right to vote when he or she turns 18; and (3) juveniles between the ages of 13 and 17 who imbibe can be considered less responsible than those between the ages of 18 and 21 as evidenced by the fact that in several states the legal age limit for the consumption of alcohol had been 18 years or older. Although the first two reasons are somewhat tenuous, the final reason is a reasonable ground for distinguishing between juveniles from the ages of 13 to 17 and young adults from the age of 18 to 21.

Lastly, the classification must bear a rational relationship to the objective of the legislation. Clearly, suspending the licenses of juveniles who are convicted of possession or consumption of alcohol bears a reasonable relationship to the objectives of maintaining safe highways and preventing minors from consuming alcoholic beverages. The fact that 18- to 21-year-old young adults are not similarly impacted by the legislation does not make the relationship less rational; as noted above there are reasonable grounds for distinguishing between the two classes. The Legislature is

502

not required to "attack an evil in its entirety" and may "in its discretion . . . undertake reform in piecemeal fashion." *State v. Ham*, 39 Wn. App. 7, 10, 691 P.2d 239 (1984). Merely that the same license revocation procedure does not apply to those from 18 to 21 years old does not mean that the 13- to 17-year-old classification is not reasonably related to the legislation's objective.

Affirmed.

ALEXANDER and MORGAN, JJ., concur.

Review granted at 120 Wn.2d 1012 (1992).