[Nos. 13783-6-II; 14011-0-II. Division Two. August 26, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID W. WEESE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL K. WALKER, *Appellant.*

---

260

*Scott J. Bougher* and *Wecker, Holman,* for appellants (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for respondent.

THOMPSON, J.[*] — David Weese and Daniel Walker appeal from the portions of their sentences which require the court to notify the Department of Licensing that they have been convicted of being minors in possession of intoxicating liquor, upon which notification their driving privileges will be revoked without a hearing. They contend that the notification and revocation statutes violate equal protection because they apply only to juveniles ages 13 to 17. We disagree and affirm the constitutionality of the statutes.

Weese, age 15, and Walker, age 16, were charged with being minors in possession of alcohol, pursuant to RCW 66.44.270, after having been observed carrying beer bottles on a trail near a high school football stadium. Weese stipulated to the police records, and was found guilty by the court. Walker entered a *Newton* plea of guilty. *State v. Newton,* 87

---

[*]Judge Donald H. Thompson is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

Wn.2d 363, 552 P.2d 682 (1976). Along with other conditions of the sentences, the court ruled that it was required to give notice to the Department of Licensing of the convictions, pursuant to RCW 13.40.265(1)(a) and RCW 66.44.365(1). The court rejected Weese's and Walker's arguments that the notification and revocation statutes violate equal protection, but it agreed to stay the transmittal of the notification until an appeal was considered. Both Weese and Walker appealed, and their appeals were consolidated by prior order of this court.

RCW 13.40.265(1)(a) and RCW 66.44.365(1) both provide:

> If a juvenile thirteen years of age or older is found by juvenile court to have committed an offense that is a violation of chapter 66.44, 69.41, 69.50, or 69.52 RCW, the court shall notify the department of licensing within twenty-four hours after entry of the judgment.

Being a minor in possession of alcohol is a violation of RCW 66.44.270(2), unless one of the exceptions contained in RCW 66.44.270 applies. None does in Weese's and Walker's cases. Upon receipt of the notification from the court, the Department of Licensing is required to revoke the juvenile's driving privileges without a hearing. RCW 46.20.265(1). In the case of a first notice, such as with Weese and Walker, the Department "shall impose a revocation for one year, or until the juvenile reaches seventeen years of age, whichever is longer." RCW 46.20.265(2)(a).

Weese and Walker argue that the notification and revocation statutes violate equal protection because they are "underinclusive", in that they apply only to persons ages 13 to 17 and do not apply to persons younger than 13 or older than 17. *O'Brien v. Skinner*, 414 U.S. 524, 531, 38 L. Ed. 2d 702, 94 S. Ct. 740 (1974) (distinctions in right to absentee ballot among incarcerated misdemeanants based on county of residence violated equal protection). They concede that the proper analysis for their equal protection claim is that of a "rational basis", in that the action must be rationally related to the achievement of a legitimate state interest. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 312, 49

L. Ed. 2d 520, 96 S. Ct. 2562 (1976). They also concede that the effort to deter juveniles from drinking and using controlled substances is a legitimate state interest. *State v. Conifer Enters., Inc.*, 82 Wn.2d 94, 96, 508 P.2d 149 (1973). They contend that the notification and revocation statutes are not rationally related to that legitimate state interest.

A recent decision of this court has held that the distinction between persons 13 to 17 years old and those 18 to 21 years old in the notification and revocation statutes does not violate equal protection. *State v. Preston*, 66 Wn. App. 494, 832 P.2d 513 (1992). At oral argument, counsel for Weese and Walker agreed that *Preston* controls their argument regarding the exclusion of 18- to 21-year-olds from the notification and revocation statutes.

 Under the "rational basis" test, a statute is subjected to minimal scrutiny and will be upheld " ' "unless it rests on grounds wholly irrelevant to the achievement of a legitimate state objective." ' " *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987) (quoting *State v. Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983) (quoting *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978))). The exclusion of children under 13 cannot be said to be wholly irrelevant to the achievement of the legitimate state objective of deterring juveniles from drinking and using controlled substances. The exclusion of children ages 7 to 11 could have been based on the presumption against criminal culpability for children under 12, RCW 9A.04.050, as Weese and Walker recognize. Therefore, they focus their challenge on the fact that a 12-year-old is as subject to juvenile criminal prosecution as a 13-year-old, but only the 13-year-old is subject to revocation of his or her driver's license upon turning 16. This court is not required to ascertain what reason the Legislature had for distinguishing between 12-year-olds and 13-year-olds. Rather, Weese and Walker must demonstrate that the distinction is wholly irrelevant to the state objective. While a number of reasons for the distinction are possible, the strongest appears to be the lack of a deterrent effect arising from revocation of a driver's license which

would be more than 3 years in the future for a person 12 years old or younger.

Weese and Walker have not demonstrated that the limitation of the notification and revocation statutes to juveniles between ages 13 and 17 is wholly irrelevant to the legitimate state interest in deterring juveniles from the use of intoxicating liquors and controlled substances. Without such a showing, the statutes satisfy the "rational basis" test and do not violate equal protection. Those states which have considered similar statutes and similar arguments are in accord. *Carney v. State*, 305 Ark. 431, 436-37, 808 S.W.2d 755, 758 (1991); *Commonwealth v. Strunk*, 400 Pa. Super. 25, 34-35, 582 A.2d 1326, 1330 (1990); *State v. Day*, 84 Or. App. 291, 293-94, 733 P.2d 937, 938-39 (1987); *Praete v. Commonwealth*, 722 S.W.2d 602, 603 (Ky. Ct. App. 1987); *In re Arthur W.*, 171 Cal. App. 3d 179, 190, 217 Cal. Rptr. 183, 190 (1985).

Weese has filed a pro se brief that challenges the Legislature's wisdom in enacting the notification and revocation statutes, but does not raise any additional legal issues.

The portions of Weese's and Walker's sentences requiring notification of the Department of Licensing of their convictions are affirmed. The stay of transmission of notification is vacated.

ALEXANDER, J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied December 18, 1992.

Review granted at 121 Wn.2d 1001 (1993).