[No. 12752-4-III.  Division Three.  April 7, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. AUSTIN EUGENE FAGER, *Appellant*.

*C. Bradley Chinn* and *C. Bradley Chinn, P.S.,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Mary Ann Brady, Deputy,* for respondent.

SWEENEY, J. — Austin Fager appeals his conviction of being a minor in possession of liquor. RCW 66.44.270.[1] He contends the evidence does not corroborate his consumption of alcohol and is therefore insufficient to support the conviction. We affirm.

## FACTS

At about 2:20 a.m. on June 23, 1992, Spokane Police Officer James Muzatko stopped a vehicle being driven by Mr. Fager. There were two passengers. Officer Muzatko, a police officer for 19 years, detected the strong odor of beer in the vehicle and the "definite and positive odor of beer" on Mr. Fager's breath. He observed that Mr. Fager had watery and bloodshot eyes, a white coated tongue, and "the classic symptoms associated with suspicion of drunk driving". While Mr. Fager looked for his driver's license, Officer Muzatko noticed two quart-size beer bottles in the vehicle, one behind the passenger seat and one behind the driver's seat. The partially full bottles were closed, but were within reach of Mr. Fager when he was driving.

Mr. Fager was charged with being a minor in possession of alcohol. At an adjudicatory hearing, he testified he had not consumed any alcohol that night but had taken cold medication. He said the bottles of beer belonged to his passengers.

---

[1]Former RCW 66.44.270(2) states:

"It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor". This statute was amended by Laws of 1993, ch. 513, § 1, p. 2363, which caused a change in the paragraphing. RCW 66.44.270(2) was redesignated RCW 66.44.270(2)(a).

On redirect examination, Officer Muzatko testified that prior to becoming a police officer he was trained as a nurse. He stated the odor he detected from Mr. Fager was beer, not cold medicine. Mr. Fager was found guilty. This appeal follows.

## DISCUSSION

Mr. Fager asserts that because Officer Muzatko did not see him consume the liquor the evidence is insufficient to corroborate the conviction. *State v. Hornaday*, 105 Wn.2d 120, 713 P.2d 71 (1986). We do not agree.

Standard of Review. Our review of the sufficiency of the evidence is limited to determining whether any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The evidence is viewed in a light most favorable to the prosecution. *State v. Scoby*, 117 Wn.2d 55, 61, 810 P.2d 1358, 815 P.2d 1362 (1991); *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983).

Minor in Possession. In *Hornaday*, the arresting officer did not see the defendant acquire, possess or consume liquor. Applying former RCW 10.31.100,[2] the court concluded that unless the officer observed a person under the age of 21 drink liquor, consumption had not occurred in the officer's presence and the defendant had not violated RCW 66.44.270.[3]

The defendant in *State v. Allen*, 63 Wn. App. 623, 821 P.2d 533 (1991) relied on *Hornaday* and argued the evidence was insufficient to support her conviction of being a minor in possession of intoxicants. This court reviewed *Hornaday*

---

[2]That statute provided, in pertinent part:

"A police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant. A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor *only when the offense is committed in the presence of the officer* . . .". (Italics ours.)

[3]In 1987, the Legislature amended RCW 10.31.100 to permit a warrantless misdemeanor arrest when an officer has "*probable cause* to believe that a person has committed or is committing a misdemeanor . . . involving the acquisition, possession, or consumption of alcohol by a person under the age of twenty-one years . . .". (Italics ours.) Laws of 1987, ch. 154, § 1, p. 533.

and noted the arrest there was pursuant to former RCW 10.31.100(1) which authorized warrantless arrests only for misdemeanors committed in the arresting officer's presence. *Allen*, at 625. We noted that because a violation of former RCW 66.44.270(2) was not at issue in *Hornaday*, the court's statement concerning violation of the statute was dicta. We stated: "the court [in *Hornaday*] misspoke and intended to say the defendant was 'not guilty of violating RCW 66.44.270 in the presence of the officer' as required for a lawful warrantless misdemeanor arrest." *Allen*, at 625 n.4.

Similarly, in *State v. Preston*, 66 Wn. App. 494, 832 P.2d 513 (1992), *aff'd*, 122 Wn.2d 553, 859 P.2d 1220 (1993), the defendant was convicted of being a minor in possession by consumption. He claimed the evidence was insufficient to support the conviction because the officer had not seen him drink the beer. The officer in *Preston* had observed the defendant put a bag of empty beer bottles into a trash receptacle and had smelled the odor of alcohol on the defendant's breath. The court in *Preston* noted that when *Hornaday* was decided, former RCW 10.31.100 allowed no exception to the requirement that a warrantless arrest for a misdemeanor could be made only when the offense was committed in the officer's presence.

According to the court in *Preston*, the reasoning in *Hornaday* that an officer must see the minor consume alcohol was dicta. *Preston*, at 498 n.1. The court in *Preston* declined to follow *Hornaday*: "The *Hornaday* court clearly did not intend to require, as a matter of law, that in order to convict a minor for consumption of alcohol the arresting officer must testify that the minor consumed alcohol in his presence." *Preston*, at 498.

Recently in *State v. Dalton*, 72 Wn. App. 674, 865 P.2d 575 (1994) this court again addressed whether evidence was sufficient to support a conviction for minor in possession of liquor. There, the officer observed the defendant in close proximity to a beer keg during a party, saw the defendant walk unsteadily, and noted his bloodshot eyes and slurred speech. The officer smelled the odor of alcohol on the defend-

ant. We held the officer's observations, in context with the other evidence, were sufficient to prove the defendant had possession: "The officer's opinion, based on his training and experience, that [defendant] appeared intoxicated, was not refuted." *Dalton*, at 677.

Here, Officer Muzatko testified that Mr. Fager's eyes were bloodshot and that his breath had the heavy odor of beer. According to Officer Muzatko, who had 19 years' experience, Mr. Fager had "the classic symptoms associated with suspicion of drunk driving". Mr. Fager's breath had the odor of beer, not cold medicine. This testimony has not been refuted. There is sufficient evidence to support the conviction.

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.