645 N.W.2d 333 (2002)
250 Mich. App. 1
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Scott Leonard RUTLEDGE, Defendant-Appellant.
Docket No. 233990.
Court of Appeals of Michigan.
Submitted October 10, 2001, at Marquette.
Decided February 15, 2002, at 9:00 a.m.
Released for Publication May 31, 2002.
*334 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Brian A. Peppler, Prosecuting Attorney, and Marsha J. Teysen, Chief Assistant Prosecutor, for the people.
Mark L. Dobias, Sault Ste. Marie, for the defendant.
Before: GRIFFIN, P.J., and MARKEY and METER, JJ.
MARKEY, J.
Defendant Scott Rutledge appeals by leave granted the circuit court's order affirming the district court's denial of defendant's motion to dismiss charges of illegally possessing and consuming alcohol against nineteen-year-old defendant who after drinking alcohol legally in Canada[1] returned to Michigan as a passenger in a *335 vehicle and was charged with consuming and possessing alcohol in violation of M.C.L. § 436.1703(1). We reverse.
On July 30, 2000, defendant was arrested as a minor illegally possessing and consuming alcohol in violation of M.C.L. § 436.1703(1). Defendant was a passenger in a vehicle that was stopped for speeding. After the driver of the vehicle was given a Breathalyzer test that indicated the driver had consumed alcohol, the police officers tested defendant, who also tested positive for alcohol consumption. In the district court, defendant moved to dismiss the charges, arguing that M.C.L. § 436.1703(1) was unconstitutionally vague and overbroad. For purposes of the motion, the court found that defendant drank legally in Canada, but determined that defendant violated the statute because he possessed alcohol in Michigan by having it in his body. After the motion to dismiss was denied, defendant conditionally pleaded guilty, subject to this appeal. On appeal to the circuit court, the court affirmed the district court, finding that defendant violated the statute because he "consumed alcoholic liquor in his body." The circuit court also "suppose[d]" that defendant possessed alcohol by having it in his body in Michigan. Thereafter, this Court granted leave to appeal.
In this case, we are asked to decide whether M.C.L. § 436.1703(1), the "minor in possession" statute, makes it a crime for a minor to have alcohol in his body when the alcohol was legally obtained and ingested in another jurisdiction. We conclude that it does not.
MCL 436.1703(1) provides in relevant part: "A minor shall not purchase or attempt to purchase alcoholic liquor, consume or attempt to consume alcoholic liquor, or possess or attempt to possess alcoholic liquor, except as provided in this section."
Generally, a state has jurisdiction only over offenses committed within the state's physical borders. People v. Blume, 443 Mich. 476, 480, 505 N.W.2d 843 (1993), quoting People v. Devine, 185 Mich. 50, 52-53, 151 N.W. 646 (1915).
It is a well-established rule that a sovereign state can exercise jurisdiction to punish a criminal offense only when the offense is committed in whole or in part in that sovereign state. No matter how closely an act is connected with the state, if all the criminal elements are done entirely outside a state's boundaries, it cannot be punished by that state. [People v. Kirby, 42 Mich.App. 97, 99, 201 N.W.2d 355 (1972) (citations omitted).]
The exception to this general rule is "`limited to those acts that are intended to have, and that actually do have, a detrimental effect within the state.'" Blume, supra at 480, 505 N.W.2d 843, quoting Strassheim v. Daily, 221 U.S. 280, 285, 31 S.Ct. 558, 55 L.Ed. 735 (1911). This Court need not determine whether the exception applies in this matter because the prosecutor asserts that defendant violated the statute not by possessing and ingesting alcohol in Canada, but by possessing and consuming the alcohol within his body after returning to Michigan. Defendant, on the other hand, urges this Court to construe the terms "consume" and "possess" as used in M.C.L. § 436.1703(1) to mean actual ingestion and possession of undigested alcoholic liquor.
A statute is presumed to be constitutional and is so construed unless its unconstitutionality is readily apparent. People v. Noble, 238 Mich.App. 647, 651, 608 N.W.2d 123 (1999). Before addressing the constitutionality of the statute, this Court "must examine alternative, nonconstitutional grounds that might obviate the *336 necessity of deciding the constitutional questions." VandenBerg v. VandenBerg, 231 Mich.App. 497, 499, 586 N.W.2d 570 (1998). Although the constitutional issue is the only issue raised on appeal, this case can be decided solely on the basis of statutory construction. Whether conduct falls within the statutory scope of a criminal statute is a question of law that is reviewed de novo on appeal. Noble, supra at 658, 608 N.W.2d 123. This Court has discretion to grant different or further relief as the case requires. MCR 7.216(7).
"Criminal statutes must be strictly construed, with each word interpreted according to its ordinary usage and common meaning." Noble, supra at 659, 608 N.W.2d 123. Here, there is no allegation that defendant purchased alcoholic liquor in Michigan. Therefore, the case turns on the meaning of the terms "consume" and "possess."
Statutory construction begins by examining the plain language of the statute to discern and give effect to the Legislature's intent. People v. Morey, 461 Mich. 325, 329-330, 603 N.W.2d 250 (1999). If the language is unambiguous, no further construction is required or permitted, and the statute must be enforced as written. Id. at 330, 603 N.W.2d 250. This Court may look outside the statute to ascertain the Legislature's intent only where the language is ambiguous. Id.
We conclude that the terms "consume" and "possess" are ambiguous as used in the "minor in possession" statute because they can be interpreted in more than one manner. Specifically, they can be construed narrowly to mean only physical control and ingestion, as defendant urges, or very broadly to mean metabolism and containment in the body, as proposed by the prosecutor. A provision is considered ambiguous when it is susceptible to more than one reasonable interpretation. Frame v. Nehls, 452 Mich. 171, 176, 550 N.W.2d 739 (1996).
To determine the meaning of the terms, this Court should look to "[t]he fair and natural import of the terms employed, in view of the subject matter of the law...." Morey, supra at 330, 603 N.W.2d 250. Neither "possess" nor "consume" is defined by the Michigan Liquor Control Code.[2] We are unable to find any statutory definition of either term or any judicial definition of the term "consume." The term "possession," although not "possess." has been judicially defined as encompassing both actual and constructive possession. People v. Hill, 433 Mich. 464, 470, 446 N.W.2d 140 (1989). A "person has constructive possession if there is proximity to the article together with indicia of control." Id. The Hill case did not define actual possession.
This Court may also examine dictionary definitions if the statute does not expressly define its terms. People v. Gregg, 206 Mich.App. 208, 211-212, 520 N.W.2d 690 (1994). Black's Law Dictionary (6th ed.), p. 1162, defines "possess" as: "[t]o occupy in person; to have in one's actual and physical control; to have the exclusive detention and control of; to have and hold as property; to have a just right to; to be master of; to own or be entitled to." Black's Law Dictionary does not define "consume." Random House Webster's College Dictionary (1997), p. 1017, defines "possess," in part, as: "to have as belonging to one; have as property; own;... to occupy or control...." Random House defines "consume" as: "to destroy or expend by use; use up[;] ... to eat or drink up; devour." Id. at 84. Moreover, *337 to determine the meaning of the terms, this Court may look to the commonly accepted meaning of the words. Morey, supra at 330, 603 N.W.2d 250.
"`[T]he meaning of statutory language, plain or not, depends on context.'" People v. Vasquez, 465 Mich. 83, 89, 631 N.W.2d 711 (2001), quoting King v. St. Vincent's Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). Consistent with the dictionary definitions listed above, the commonly accepted meaning of "consume" as it relates to a beverage means to drink or physically ingest the beverage. For example, a person would not say that he is still consuming milk an hour after having it at breakfast because the milk is still digesting in his body. Similarly, a person does not "possess" a beverage once it has been ingested and is digesting. One no longer has control over the beverage as it is digesting.
Our conclusion is supported by applicable, albeit nonprecedential, case law from another jurisdiction. In State v. Hornaday, 105 Wash.2d 120, 125-129, 713 P.2d 71 (1986),[3] the Washington court examined the meaning of the terms "consume" and "possession" in a minor in possession statute. The court determined that "possession" implied control over the substance and that once alcohol was within a person's body, the person lost the power to control the alcohol. Id. at 125-126, 713 P.2d 71. The court also determined that "consume" is a present-tense term meaning to drink liquor. Consequently, it was improper to interpret "consume" as an ongoing process. Id. at 127-129, 713 P.2d 71. As further support for its conclusion, the court pointed to situations like the case at bara minor journeys to another jurisdiction where he can drink alcoholic beverages legally, yet upon return face prosecution simply for having the alcohol in his blood. Id. at 129, 713 P.2d 71. The court concluded that the "Legislature could not have intended such a result in those instances."[4]Id.
The definition of "alcoholic liquor," a defined term in the Michigan Liquor Control Code, also supports our conclusion. "Alcoholic liquor" means:
[A]ny spirituous, vinous, malt, or fermented liquor, liquids and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume which are fit for use for beverage purposes as defined and classified by the commission according to alcoholic content as belonging to 1 of the varieties defined in this chapter. [MCL 436.1105(2) (emphasis added).]
In order for defendant's conduct to violate the minor in possession statute, he had to consume or possess alcoholic liquor. MCL 436.1703(1). Defendant argues, and we agree, that once a person has ingested liquor, it is no longer "fit for use for beverage purposes" in accordance with M.C.L. § 436.1105(2). Therefore, as defendant sat as a passenger in the vehicle in Michigan, he did not consume or possess "alcoholic liquor."
We find further support for our determination from the language of the statute prohibiting persons from operating vehicles *338 while under the influence of intoxicating liquor or controlled substances. MCL 257.625. The subsection of that statute pertaining to minors prohibits persons under the age of twenty-one from operating a vehicle if that person has any bodily alcohol content. MCL 257.625(6). "Any bodily alcohol content" is defined, in part, as: "Any presence of alcohol within a person's body resulting from the consumption of intoxicating liquor, other than consumption of intoxicating liquor as part of a generally recognized religious service or ceremony." MCL 257.625(6)(b).
This statute demonstrates that the Legislature, when it wanted to do so, criminalized the mere presence of alcohol in a minor's body as a result of the consumption of alcohol. This statute does not criminalize the consumption itself. In addition, the Legislature created an exception to the crime when the presence of alcohol in a minor's body resulted from consumption of alcohol for religious ceremonies. "[W]hen this Court construes two statutes that arguably relate to the same subject or share a common purpose, the statutes are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." People v. Webb, 458 Mich. 265, 274, 580 N.W.2d 884 (1998).
In support of her very broad interpretation of the statute, the prosecutor argues that "consumption" goes beyond the single act of putting a substance in one's mouth. The prosecutor asserts that the term "consumption" is defined by other courts as "the using up of everything." The prosecutor cites Moore v. Pleasant Hasler Constr. Co., 50 Ariz. 317, 329, 72 P.2d 573 (1937), and Revzan v. Nudelman, 370 Ill. 180, 184, 18 N.E.2d 219 (1938). Both cases were tax cases that concerned who should pay the taxes on retail goods. Moore, supra at 319, 72 P.2d 573; Revzan, supra at 181-183, 18 N.E.2d 219. Although the prosecutor cites an apt definition of consumption in the context of a tax case, the cited definition of "consumption" does not comport with how the term is usually and reasonably used when referring to beverages. See Vasquez, supra at 89, 631 N.W.2d 711. We also note that the term "consumption" is not used in M.C.L. § 436.1703.
The prosecutor also argues that the ultimate state of possession is to have the alcohol beverage within the body, and a properly administered Breathalyzer test indicates whether alcohol is present within a person's body. As support for this argument, the prosecutor cites M.C.L. § 436.1703(5), which states in part: "The results of a preliminary chemical breath analysis or other acceptable blood alcohol test are admissible in a criminal prosecution to determine whether the minor has consumed or possessed alcoholic liquor." The prosecutor argues that this language indicates that the Legislature did not intend to limit the definition of possession to the mere act of physically holding or having within one's control a container of alcohol. The prosecutor argues that if that were the intent, the results of a breath test would be completely irrelevant with respect to possession, and the Legislature would have limited the breath test results for use as evidence of consumption only. We disagree with this assertion; however, we do not dispute that a Breathalyzer test is admissible evidence regarding whether a minor defendant committed the crime of "minor in possession." In most cases, in order to have alcohol in his body, a minor illegally purchased, possessed, or consumed alcohol within Michigan. Therefore, use of the breath test as evidence to determine whether the statute was violated is both appropriate and permitted by statute. MCL 436.1703(5). The distinction this Court is making is that a positive *339 Breathalyzer test for alcohol is not a violation per se of the minor in possession statute, though it is for the statute prohibiting a minor from driving under the influence of alcohol. MCL 257.625(6). In this case, and in cases like this one, the crucial distinction is that the alcohol was legally purchased, possessed, and consumed in Canada. Therefore, the statute was not violated.
We acknowledge that this interpretation may somewhat hinder police officers, particularly in areas of Michigan near Canadian borders, attempting to enforce the "minor in possession" statute. Because, however, the statute makes specific conduct criminal, it must be strictly construed. Noble, supra at 659, 608 N.W.2d 123. We conclude that minors who legally ingest alcohol in a jurisdiction outside Michigan and then return to Michigan (e.g., as passengers in a vehicle) with the alcohol in their bodies have not violated the minor in possession statute. If the Legislature intended to criminalize this conduct, it could easily have done so or can amend the statute to include it. People v. Babcock, 244 Mich.App. 64, 78, 624 N.W.2d 479 (2000).
In light of our disposition above, we need not reach defendant's constitutional claim that the statute is vague and overbroad.
We reverse.
GRIFFIN, P.J., concurred.
METER, J. (concurring.).
I concur in the majority's analysis but write separately to state that the appropriate remedy, in my opinion, is to remand this case for a possible trial (at the prosecutor's discretion) to allow a factfinder to determine if defendant possessed or consumed alcohol, as we have now defined those terms, in Michigan.
The district and circuit courts assumed, for purposes of the motion to dismiss filed by defendant, that defendant consumed alcohol in Canada. However, nowhere in the record do I find an unequivocal concession by the prosecutor,[1] or a determination by a lower court, that defendant did, as a matter of fact, possess and consume alcohol solely outside Michigan's borders. Given defendant's intoxicated condition when observed within this state, as well as his statement that he earlier had attended a party in Michigan, there remains a question of fact regarding whether defendant consumed or possessed alcohol within this state in violation of M.C.L. § 436.1703(1). Instead of dismissing the charge against defendant, I would remand this case and allow the prosecutor, in her discretion, to proceed against defendant for a violation of M.C.L. § 436.1703(1).
NOTES
[1] It appears that the prosecutor does not dispute that defendant purchased and drank the alcohol in Canada. In her appellate brief, the prosecutor states that she "concurs with the basic information set forth in the Appellant's Statement of Facts." According to defendant-appellant's statement of facts, which has been adopted by the prosecutor, it is unequivocally stated that "[a]ppellant did not consume alcoholic beverages in the State of Michigan." Because the prosecutor has not raised an issue of fact and has not requested a remand, we conclude that a remand is unnecessary.
[2] MCL 436.1101 et seq.
[3] It appears that Hornaday was superseded by statute as stated in State v. Preston, 66 Wash.App. 494, 497-498, 832 P.2d 513 (1992), aff'd. 122 Wash.2d 553, 859 P.2d 1220 (1993).
[4] A later Washington State case upheld these definitions, specifically concerning "consume." State v. Preston, n. 3 supra, 66 Wash.App. 498, stating that the Hornaday opinion "illustrates the absurdity of defining the word `consume' so as to encompass the metabolization of alcohol in the body."
[1] I acknowledge that in her appellate brief, the prosecutor states that she "concurs with the basic information set forth in the Appellant's Statement of Facts." Defendant's statement of facts, however, merely summarizes the testimony given at the hearing on the motion to dismiss. By concurring with defendant's statement of facts, the prosecutor is merely agreeing that on appeal, defendant summarized the testimony correctly; the prosecutor is not conceding the truth of defendant's testimony at the hearing that he did not consume alcohol in Michigan on the night in question. Indeed, defendant's truthfulness in general was subject to question. The arresting officer testified that defendant originally told the police that he had been at a party in the United States and that he had not been drinking, yet his breath test resulted in a reading of 0.118 grams of alcohol per 210 liters of breath. Subsequently, defendant testified that he lied to the police and that he had in fact been drinking, but that the drinking occurred in Canada.