[No. 12493-2-III.   Division Three.   January 25, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN J. DALTON, *Appellant.*

*C. Chinn Bradley,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *William H. Reeves, Deputy,* for respondent.

THOMPSON, C.J. — Brian J. Dalton appeals his conviction for being a minor in possession of liquor. RCW 66.44.270(2).[1] He contends the evidence was insufficient to prove possession. We affirm.

---

[1]Former RCW 66.44.270(2) states:

"It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor."

The evidence at Mr. Dalton's bench trial was limited to the testimony of Officer Kim M. Thomas. The officer testified that on November 9, 1991, he responded to a call for backup at a Spokane residence. When he arrived, there were officers inside the home and at the front door. He observed several plastic cups of beer and a beer keg inside.

Officer Thomas identified Mr. Dalton as a person he saw inside the residence and one he watched exit through the front door. He said Mr. Dalton's identification was checked by another officer as he left. He described Mr. Dalton, noting he "was a little unsteady, his voice was slurred and he [had] blood-shot eyes". He also noticed "the strong odor of alcoholic beverage about him". Officer Thomas testified he was within 1 foot of Mr. Dalton when he questioned him and, based on his training and experience, Mr. Dalton appeared to be intoxicated.

Officer Thomas told Mr. Dalton not to drive. However, as the officer watched, Mr. Dalton walked part way down the street and got into the driver's side of a parked vehicle. The officer approached and questioned him about driving. He responded by stating he was waiting for a ride. The officer then asked who owned the vehicle and whose keys were on the passenger seat. Mr. Dalton stated he did not know. Officer Thomas checked the registration of the vehicle and learned it was registered to James Dalton. Mr. Dalton was then placed under arrest.

## CONTENTIONS

Mr. Dalton contends there was no evidence or testimony that he was in actual or constructive possession of liquor as required by former RCW 66.44.270(2) and *State v. Hornaday*, 105 Wn.2d 120, 713 P.2d 71 (1986). The officer who testified did not observe him consume any liquor nor observe any liquor in his possession. He argues that circumstantial evidence of assimilation is not proof beyond a reasonable doubt that he possessed alcohol.

## STANDARD OF REVIEW

■ Evidence is sufficient to support a finding of guilt if, when viewed in a light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 230, 616 P.2d 628 (1980). The sole issue on appeal is whether the evidence was sufficient to prove possession of liquor by Mr. Dalton.

## POSSESSION

As noted in *Hornaday*, at 125, "possession" is not defined in RCW 66.44.270. *Hornaday* supplied the following definition: A person possesses alcohol if he or she knows of the substance's presence, it is immediately accessible, and he or she exercises dominion or control over it. *Hornaday*, at 125 (citing *In re R.B.*, 108 Wis. 2d 494, 496, 322 N.W.2d 502 (Ct. App. 1982)). Possession may be actual or constructive. *Hornaday*, at 125, and cases cited therein.

■ The presence of liquor in one's system does not constitute possession *per se* because the person's power to control, possess, use or dispose of it ends upon assimilation. *See Hornaday*, at 126 (citing *State v. Flinchpaugh*, 232 Kan. 831, 834, 659 P.2d 208 (1983)). However, evidence of assimilation is circumstantial evidence of prior possession. Although insufficient by itself to support a conviction, when combined with other corroborating evidence of sufficient probative value, evidence of assimilation can be sufficient to prove possession beyond a reasonable doubt. *See Flinchpaugh*, at 835. *Cf. Franklin v. State*, 8 Md. App. 134, 137, 258 A.2d 767, 769 (1969) (evidence of drug use is circumstantial evidence of prior possession and sufficient to support conviction); *United States v. Blackston*, 940 F.2d 877, 888-91 (3d Cir. 1991) (positive urine samples can be considered as circumstantial evidence of possession of a controlled substance for purposes of 18 U.S.C. § 3583(g)). As the State contends, the issue in *Hornaday* was whether the defendant committed a misdemeanor (possession of alcohol) in the presence of the arresting officer, not what evidence was sufficient to convict at trial.

Here, the officer observed Mr. Dalton in the residence in close proximity to a beer keg and plastic cups of beer. A "kegger" was in progress. He observed the youth as he exited the residence, noting his unsteady walk, slurred speech, and bloodshot eyes. He smelled the odor of alcohol. The officer's opinion, based on his training and experience, that Mr. Dalton appeared intoxicated, was not refuted. Mr. Dalton's observed physical condition in context with the other evidence was sufficient to prove he had possessed alcohol beyond a reasonable doubt. *Green*, at 221.

We affirm.

MUNSON and SWEENEY, JJ., concur.