130 P.3d 877 (2006)
132 Wash.App. 181
STATE of Washington, Respondent,
v.
A.T. P.-R., Appellant.
No. 23381-2-III.
Court of Appeals of Washington, Division 3.
March 23, 2006.
*878 Janet G. Gemberling, Gemberling, Dooris & Ladich PS, Spokane, WA, for Appellant.
Kevin G. Eilmes, Prosecuting Attorney's Office, Yakima, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 A police officer investigating whether A.P.-R. was too young to possess cigarettes  a civil infraction  noticed the odor of alcohol coming from Mr. P.-R.'s body. Eventually Mr. P.-R. was arrested and charged with being a minor in possession of alcohol. His motion to suppress evidence obtained when the officer questioned him was denied. He now appeals his disposition, contending he was unconstitutionally seized during the investigation of a civil infraction. He also contends the evidence was insufficient to support his guilt. Because we find insufficient evidence to support Mr. P.-R.'s disposition, we reverse and dismiss with prejudice. Accordingly, we decline to address the suppression issue.

FACTS
¶ 2 One afternoon in May 2004, police officer Gregory Cobb saw a group of boys playing basketball in a Union Gap park. Two boys were standing together away from the others. One of the two was holding a blood-stained cloth to his face, while the other was smoking a cigarette and did not look old enough to possess tobacco products. Officer Cobb parked his patrol car and went over to talk to the two boys.
¶ 3 Mr. P.-R., who was holding the cigarette, told Officer Cobb his name and that he was 17 years old. His 15-year-old friend, J.G., was holding a cloth to his nose, bloodied during the basketball game. Mr. G. was attempting to hide something from the officer. When Officer Cobb asked to see what was in his hand, Mr. G. showed him an open 40-ounce bottle of beer. Officer Cobb told both boys to sit on the ground. He called for backup when Mr. G. refused to cooperate, then placed Mr. G. in handcuffs and put him in the back of his patrol car. After securing Mr. G., Officer Cobb went back to Mr. P.-R., asked him to stand up, and began questioning him regarding his address and guardian. The officer smelled alcohol emanating from Mr. P.-R.'s body.
¶ 4 Mr. P.-R. was charged with being a minor in possession of alcohol, RCW 66.44.270(2)(a). Pretrial, he unsuccessfully moved to suppress the evidence as the fruits of an unlawful seizure. CrR 3.6. Finding that the odor of alcohol emanating from Mr. P.-R.'s body, coupled with his close proximity to a person who possessed alcohol, circumstantially proved that Mr. P.-R. possessed or consumed alcohol, the juvenile court found him guilty. This appeal followed.

SUFFICIENCY OF THE EVIDENCE
¶ 5 Mr. P.-R. challenges the sufficiency of the evidence to support his disposition. *879 He contends the odor of alcohol and his close proximity to Mr. G.  who held an open bottle of beer  were insufficient to prove beyond a reasonable doubt that he possessed or consumed alcohol.
¶ 6 In determining the sufficiency of the evidence in a juvenile or adult criminal proceeding, we view the evidence in the light most favorable to the State and ask whether any rational trier of fact could find guilt beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992); State v. E.J.Y., 113 Wash.App. 940, 952, 55 P.3d 673 (2002). We consider circumstantial evidence as reliable as direct evidence and defer to the trier of fact on issues of credibility, conflicting evidence, and the persuasiveness of the evidence. State v. Myers, 133 Wash.2d 26, 38, 941 P.2d 1102 (1997); E.J.Y., 113 Wash.App. at 952, 55 P.3d 673. Because Mr. P.-R. does not challenge the findings of fact, they are verities on appeal. State v. Gentry, 125 Wash.2d 570, 605, 888 P.2d 1105 (1995). Accordingly, we limit our review to whether the findings support the elements of the charge beyond a reasonable doubt. State v. Alvarez, 105 Wash.App. 215, 220, 19 P.3d 485 (2001).
¶ 7 Pursuant to RCW 66.44.270(2)(a), "[i]t is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor." Possession is not defined by the statute, but case law has established that a person possesses alcohol "if he or she knows of the substance's presence, it is immediately accessible, and he or she exercises dominion or control over it." State v. Dalton, 72 Wash.App. 674, 676, 865 P.2d 575 (1994) (citing State v. Hornaday, 105 Wash.2d 120, 125, 713 P.2d 71 (1986)). If possession is not actual, it may be constructive, and constructive possession may be joint. Hornaday, 105 Wash.2d at 125, 713 P.2d 71; State v. Harris, 14 Wash.App. 414, 417, 542 P.2d 122 (1975).
¶ 8 Mr. P.-R. did not have actual possession of alcohol, but he stood near Mr. G., who held an open bottle of beer. Additionally, the officer detected the odor of alcohol on Mr. P.-R.'s body. A defendant's close proximity to an object is insufficient alone to establish constructive possession. State v. Turner, 103 Wash.App. 515, 521, 13 P.3d 234 (2000). Some other indicia of dominion and control must exist, such as the defendant's ability to actually possess the object. State v. Echeverria, 85 Wash.App. 777, 783, 934 P.2d 1214 (1997). Even the presence of liquor in the suspect's system is not enough on its own to support conviction. Dalton, 72 Wash.App. at 676, 865 P.2d 575. When combined with other corroborating evidence, however, assimilation of alcohol can be sufficient to prove possession. Id.
¶ 9 In this case, the State provided no evidence that there was alcohol in Mr. P.-R.'s system. Officer Cobb testified that he smelled a "medium" odor of alcohol coming from Mr. P.-R.'s body, but he did not state that Mr. P.-R. appeared intoxicated or showed any effects of alcohol consumption. Clerk's Papers at 4. Ultimately, the only evidence to support constructive possession of alcohol was Mr. P.-R.'s proximity to a person holding a beer. Not only is mere proximity insufficient to prove constructive possession, but in this case Mr. P.-R. did not have immediate access to the alcohol. See Dalton, 72 Wash.App. at 676, 865 P.2d 575. The beer was in Mr. G.'s possession, to the exclusion of Mr. P.-R.'s dominion and control.
¶ 10 Even after considering the record in the light most favorable to the State, we find insufficient evidence to support Mr. P.-R.'s disposition on the basis of constructive possession or consumption or alcohol. Accordingly, we reverse and dismiss with prejudice.
I CONCUR: THOMPSON, J. Pro Tem.
BROWN, J. (dissenting).
¶ 11 Viewing the evidence most favorably to the State a rational fact-finder could find A.P.-R. guilty of possessing liquor beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). "A person possesses alcohol if he or she knows of the substance's presence, it is immediately accessible, and he or she exercises dominion or control over it." State v. Dalton, 72 Wash.App. 674, 676, 865 P.2d 575 (1994) (citations omitted). "[E]vidence of assimilation is circumstantial evidence of prior possession. Although insufficient by itself to support a *880 conviction, when combined with other corroborating evidence of sufficient probative value, evidence of assimilation can be sufficient to prove possession beyond a reasonable doubt." Id.
¶ 12 Mr. P.-R.'s (like J.G.'s) alcohol assimilation is shown beyond breath smell by portable blood alcohol testing. Assimilation is corroborated by evidence of Mr. P.-R. and Mr. G., two minors, standing together on a basketball court conversing as friends with no other individuals nearby when contacted. Mr. P.-R. was in easy reach and eyesight of the beer carried by and partly consumed by Mr. G. The corroborative evidence permits inferences of knowledge, immediate accessibility, proximity, friendly-shared consumption, leading to joint dominion and control of alcohol. Notably, even constructive possession may be joint. State v. Hornaday, 105 Wash.2d 120, 125, 713 P.2d 71 (1986). Basically, we have evidence of two minors standing alone together on a basketball court sharing a friendly beer.
¶ 13 Contrary to Mr. P.-R.'s argument, intoxication evidence is not required under Dalton. The Dalton standard is assimilation combined with any corroborative facts, a standard met here. The trial court found substantial evidence of corroborative facts. Because Mr. P.-R. does not challenge the findings of fact, they are verities on appeal. State v. Gentry, 125 Wash.2d 570, 605, 888 P.2d 1105 (1995). Looking at the facts and the reasonable inferences most favorably for the State, a rational fact-finder could find guilt beyond a reasonable doubt without exceeding the accepted limits of fact-finding discretion. I would hold the evidence is sufficient.
¶ 14 The majority does not reach the issue of whether under RCW 7.80.060 an officer confronted with two infraction suspects, both needing the officer's attention, may detain one suspect for the time reasonably necessary under the circumstances to attend to the other suspect. An officer is allowed a reasonable time under RCW 7.80.050 to identify each civil infraction suspect and issue infraction notices. Mr. P.-R. was detained no longer than was necessary under our facts. I would additionally hold the trial court did not err in denying Mr. P.-R.'s CrR 3.6 suppression motion.
¶ 15 Given all, I would affirm. Accordingly, I respectfully dissent.