199 P.3d 478 (2009)
STATE of Washington, Respondent,
v.
Edwin S. FRANCISCO, Appellant.
No. 26499-8-III.
Court of Appeals of Washington, Division 3.
January 8, 2009.
*480 William D. McCool, Attorney at Law, Walla Walla, WA, for Appellant.
Gabriel E. Acosta, Attorney at Law, Walla Walla, WA, for Respondent.
SCHULTHEIS, C.J.
¶ 1 Edwin Francisco appeals his convictions of possession of cocaine and minor in possession or consumption of liquor. He challenges the sufficiency of the evidence to establish that he consumed or possessed alcohol and assigns error to the trial court's (1) failure to grant his motion for a directed verdict, (2) admission of testimony that drug users typically do not give away drugs, (3) failure to sustain his objection to the State testifying about matters not in the record during rebuttal argument, and (4) denial of his motion for a mistrial based on prosecutorial misconduct and a judicial comment on the evidence. We find the evidence insufficient to support Mr. Francisco's conviction for possession of alcohol and reverse that conviction. However, we reject his other assignments of error. We therefore reverse in part and affirm in part.

FACTS
¶ 2 At about 3:00 a.m. on June 3, 2006, police officer Lonnie Croft was dispatched to a residence in College Place, Washington to investigate a report of a person sleeping in a driveway. Upon arrival, Officer Croft saw Mr. Francisco lying on a driveway about 20 to 30 feet from the street. The officer tried to rouse Mr. Francisco, but he was unresponsive. Officer Croft could detect a strong odor of alcohol coming from Mr. Francisco. After a few minutes, Officer Croft elicited a few incoherent responses from Mr. Francisco pertaining to his name, address, and birthday. Eventually, he was able to determine Mr. Francisco's full name, age, and address.
¶ 3 Upon confirming that Mr. Francisco was under 21 years of age, Officer Croft arrested him for minor in possession of alcohol by consumption. During a search incident to arrest, Officer Croft found a baggy of cocaine in the front pocket of Mr. Francisco's jeans. The State charged Mr. Francisco with possession of cocaine and minor in consumption/possession of liquor.
¶ 4 During trial, Officer Croft testified that upon contact, Mr. Francisco was so inebriated that he could not have walked the short distance (two-tenths of a mile) to his home. He also testified that during the initial contact, Mr. Francisco reported being 19 years old, although he would have been 21 in less than three months.
¶ 5 At the close of the State's case, Mr. Francisco moved to dismiss the minor in possession of liquor charge, arguing that the State had failed to prove that he had possessed or consumed liquor in Washington State. He argued that because the incident occurred near the Oregon border, a rational trier of fact could not determine beyond a reasonable doubt where Mr. Francisco had acquired or consumed the alcohol.
¶ 6 The court denied the motion, stating, "[W]e know he consumed. . . . Where else could he have consumed it? . . . He was here. He was on foot. He wasn't very far from home. To me that's circumstantial evidence *481 it happened here locally." Report of Proceedings (RP) at 97.
¶ 7 Mr. Francisco presented his defense. Four witnesses testified that Mr. Francisco did not have a reputation as a drug user. Mr. Francisco testified that he remembered going to two parties on the evening of June 2. He remembered drinking at the first party, but did not testify as to its location. He stated that the second party occurred in the Eastgate area of College Place, but that he could only recall about 20 minutes of the party because he was already drunk when he arrived. He believed he had blacked out and could not recall how he came into possession of the cocaine.
¶ 8 After both sides rested, Mr. Francisco moved for a directed verdict on the possession of alcohol charge, arguing there was no evidence of where he had consumed the alcohol. The trial court denied the motion.
¶ 9 During closing argument, defense counsel argued that the jury should believe Mr. Francisco's claim that he did not know how the cocaine got in his pocket because he did not have a dirty urinalysis (U.A.). He argued: "[Y]ou saw that [the prosecutor] kept coming up with all these records from the jail, right? What record did he not produce for you? He did not produce for you a dirty urinalysis. Because one did not exist. The State knows that." RP at 186.
¶ 10 The State responded that the jail needs a court order before it can give an inmate a U.A. Defense counsel objected that the prosecutor was testifying and that his comment was untrue. The court responded that the jail must have a court order before it can give a U.A. Defense counsel objected that now the court was testifying. The court told the jury to disregard its statement. After closing arguments, Mr. Francisco moved for a mistrial based on the trial court's statement. The court denied the motion.
¶ 11 The jury convicted Mr. Francisco of both counts. He filed a motion for a new trial, alleging the prosecutor committed misconduct for testifying to matters not in evidence and judicial misconduct. He also filed a motion for arrest of judgment due to insufficiency of proof that Mr. Francisco had consumed alcohol in Washington. The trial court denied both motions. Mr. Francisco appeals.

ANALYSIS

Sufficiency of the Evidence
¶ 12 Mr. Francisco challenges the sufficiency of the evidence to support his conviction of minor in possession/consumption of alcohol. In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the State and ask whether any rational trier of fact could find guilt beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence is considered as reliable as direct evidence and we defer to the trier of fact on issues of credibility, conflicting evidence, and the persuasiveness of the evidence. State v. Myers, 133 Wash.2d 26, 38, 941 P.2d 1102 (1997).
¶ 13 RCW 66.44.270(2)(a) makes it "unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor." "`Consume' includes the putting of liquor to any use, whether by drinking or otherwise." Former RCW 66.04.010(9) (2005). Possession can be established if a person "knows of the substance's presence, it is immediately accessible, and he or she exercises dominion or control over it." State v. Dalton, 72 Wash. App. 674, 676, 865 P.2d 575 (1994).
¶ 14 However, the presence of liquor in a person's body does not constitute possession because the person's power to control, possess, or dispose of it ends upon assimilation. State v. Hornaday, 105 Wash.2d 120, 126, 713 P.2d 71 (1986); State v. Allen, 63 Wash.App. 623, 625, 821 P.2d 533 (1991). But evidence of assimilation is circumstantial evidence of prior possession and when combined with other corroborating evidence, alcohol consumption may support a possession conviction. Dalton, 72 Wash.App. at 676, 865 P.2d 575; State v. Duncan, 146 Wash.2d 166, 182 n. 9, 43 P.3d 513 (2002).
¶ 15 Here, Officer Croft testified that Mr. Francisco smelled of alcohol, that it took several minutes to rouse him, and that he *482 was incoherent and unable to walk. However, the State offered no corroborating evidence to prove possession. For example, no alcohol containers were found on or near Mr. Francisco and he did not confess to possessing any liquor. See, e.g., Allen, 63 Wash. App. 623, 821 P.2d 533 (evidence of intoxication without more does not support minor in consumption of liquor conviction); State v. A.T.P.-R., 132 Wash.App. 181, 185-86, 130 P.3d 877 (2006) (odor of alcohol on juvenile's body and proximity to an open bottle of beer is insufficient to sustain conviction); State v. Roth, 131 Wash.App. 556, 128 P.3d 114 (2006) (evidence of intoxication (swaying and odor of alcohol) and proximity to refrigerator full of beer insufficient to support a finding of constructive possession). Viewing the evidence in the light most favorable to the State, the evidence was insufficient to establish that Mr. Francisco exercised any dominion and control over any alcohol. Accordingly, we reverse Mr. Francisco's conviction for minor in possession/consumption of alcohol.

Detective Testimony
¶ 16 Mr. Francisco next argues that the trial court erred in allowing Detective Chris Buttice to testify about the habits of drug users. Specifically, he argues such testimony violates ER 406 because it delves too close to "guilt by association." Br. of Appellant at 35. ER 406 provides that evidence of a person's habit is relevant to prove that the person's conduct on a particular occasion was in conformity with the habit.[1] The determination of whether evidence is admissible is within the discretion of the trial court. We may affirm on any ground the record adequately supports. State v. Pirtle, 127 Wash.2d 628, 648, 904 P.2d 245 (1995); State v. Costich, 152 Wash.2d 463, 477, 98 P.3d 795 (2004).
¶ 17 At trial, the State sought to introduce testimony from Detective Buttice that drug users do not give away drugs. Defense counsel argued that the prejudice of the evidence outweighed its relevance and that it was unreliable because the detective had scant firsthand observations of drug transactions.
¶ 18 The court allowed the testimony, but did not address ER 406 in making its ruling. Instead, the testimony, objections, and colloquy indicate that the court treated Detective Buttice as an expert under ER 702.[2] ER 702 raises two issues  whether the testifying witness qualifies as an expert and whether the witness's testimony would be helpful to the trier of fact. State v. Janes, 121 Wash.2d 220, 235-36, 850 P.2d 495 (1993).
¶ 19 Here, Detective Buttice testified that he had close to six years' experience in the drug unit, had made several hundred drug arrests, and had received extensive advanced level training. Based on this experience, he testified that drugs are usually sold, not given away. However, he conceded that a certain percentage of drug users share their drugs. Detective Buttice's experience was sufficient to qualify him as an expert regarding a general practice of drug users. State v. Ortiz, 119 Wash.2d 294, 310, 831 P.2d 1060 (1992) ("Practical experience is sufficient to qualify a witness as an expert."). Further, his testimony assisted the trier of fact in understanding this practice and was relevant to disproving Mr. Francisco's unwitting possession defense. The trial court did not err in allowing the detective's testimony.
¶ 20 But even if the admission of the testimony was erroneous, it was harmless. State v. Bourgeois, 133 Wash.2d 389, 403, 945 P.2d 1120 (1997). In addition to testifying that drug users generally do not give away drugs, Detective Buttice also testified that some percentage of drug users share their drugs a fact that favored Mr. Francisco's case. See State v. Avendano-Lopez, 79 Wash.App. 706, 711, 904 P.2d 324 (1995) (finding no prejudicial *483 error in the admission of testimony the defendant was able to use to his own advantage).

Prosecutorial Misconduct
¶ 21 We next address whether the trial court erred by overruling defense counsel's objection to the prosecutor's reference to a matter allegedly not in the record. Mr. Francisco contends that the prosecutor committed prejudicial misconduct when he told the jury that the jail could not give a U.A. without a court order. The State counters that the prosecutor's comment was simply a direct response to defense counsel's improper argument.
¶ 22 Mr. Francisco's objection to the prosecutor's remark was overruled. Therefore, we first determine whether the remark was improper. If it was improper, we next consider whether there was a substantial likelihood that the misconduct affected the jury's verdict. State v. McKenzie, 157 Wash.2d 44, 52, 134 P.3d 221 (2006). The defendant bears the burden of establishing the impropriety of the remark and its prejudicial effect. Id.
¶ 23 The prejudicial effect of improper comments is viewed "in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury." State v. Brown, 132 Wash.2d 529, 561, 940 P.2d 546 (1997). In evaluating whether prejudice has occurred, a court must examine the context in which the statements were made, including defense counsel's own statements. Therefore, defense counsel's conduct, as well as the prosecutor's response, is relevant. State v. Ramirez, 49 Wash.App. 332, 337, 742 P.2d 726 (1987).
¶ 24 This court has held that even if improper, a prosecutor's remarks that are in direct response to a defense argument are not grounds for reversal as long as the remarks do not "go beyond what is necessary to respond to the defense and must not bring before the jury matters not in the record, or be so prejudicial that an instruction cannot cure them." State v. Dykstra, 127 Wash. App. 1, 8, 110 P.3d 758 (2005) (citing State v. LaPorte, 58 Wash.2d 816, 822, 365 P.2d 24 (1961)).
¶ 25 Here, as detailed above, during closing argument defense counsel pointed out that the State failed to produce a dirty U.A. from the jail. The State responded that the jail is required to have a court order before it can give a U.A. The prosecutor's remark in rebuttal was in direct response to this argument and therefore not improper. Dykstra, 127 Wash.App. at 8, 110 P.3d 758. The trial court did not abuse its discretion in refusing to grant Mr. Francisco's motion for a new trial based on prosecutorial misconduct.

Judicial Comment on the Evidence
¶ 26 Finally, Mr. Francisco contends that the court impermissibly commented on the evidence when it responded to the prosecutor's rebuttal argument by stating that the jail needs a court order to give an inmate a U.A. He contends that the court's testimony on the issue effectively gutted his defense that he was not a cocaine user and that his possession of cocaine was unwitting. The State counters that the court simply referenced a matter outside the record and cured any prejudice by instructing the jury to disregard its remark.
¶ 27 Article IV, section 16 of the Washington Constitution provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." To determine whether the act constituted a comment on the evidence, the facts and circumstances of each case must be reviewed. State v. Carpenter, 52 Wash.App. 680, 687, 763 P.2d 455 (1988). "The touchstone of error in a trial court's comment on the evidence is whether the feeling of the trial court as to the truth value of the testimony of a witness has been communicated to the jury." State v. Lane, 125 Wash.2d 825, 838, 889 P.2d 929 (1995). "`All remarks and observations as to the facts before the jury are positively prohibited.'" State v. Bogner, 62 Wash.2d 247, 252, 382 P.2d 254 (1963) (emphasis added) (quoting State v. Walters, 7 Wash. 246, 250, 34 P. 938 (1893)).
*484 ¶ 28 Here, the trial court's statement was not a comment on the evidence. Whether the jail was required to obtain a court order before giving a U.A. was not a fact before the jury. Further, the court was responding to the arguments of counsel, which were not testimony.
¶ 29 But even if the court's statement was improper, there was no prejudice. Before the jury left to deliberate, the court instructed the jury to disregard its statement, stating:
There was just an exchange that took place about the U.A.'s and what the jail did or didn't do. It was my intent to make a ruling. It could have been interpreted that I was testifying. I didn't intend to do that. And remember what I told you. The only thing that counts is testimony from here. It doesn't matter what the attorneys say. Doesn't matter what I say. I wasn't sworn. I wasn't subject to cross-examination. So it isn't evidence.
RP at 198. Further, the fact that Mr. Francisco did not take a U.A. was undisputed.
¶ 30 The trial court did not abuse its discretion in denying Mr. Francisco's motion for a mistrial based on an alleged judicial comment.

CONCLUSION
¶ 31 The evidence is insufficient to support the minor in possession or consumption of alcohol conviction. We therefore reverse that conviction. Finding no other error, we affirm the conviction for possession of cocaine.
WE CONCUR: BROWN and KORSMO, JJ.
NOTES
[1] ER 406 states: "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."
[2] ER 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."